LINDSEY V. PERRY.

1. Detinue cannot be maintained, after the destruction, or death of the chattel sued for.
2. Where the evidence, on both sides of a case, is precisely balanced, no conclusion can be attained, and it is not error for the Court to instruct the jury, that unless the evidence predominates in favor of the plaintiff, they must find for the defendant.

Error to the County Court of Talladega County.

THIS was an action of detinue, brought by the present plaintiff, against the present defendant, to recover an ox.

Under the general issue, the defendant obtained judgment. Pending the trial in the court below, a bill of exceptions was sealed by the court, from which it is shown, that the plaintiff proved, that the ox sued for, was the property of the plaintiff, raised by one Shelton, and, by him, sold to the plaintiff, and that the ox had been in the possession of the plaintiff, before this suit was brought. That the plaintiff demanded the ox from the defendant, who refused to deliver it, and had killed and disposed of it. There was a conflict of testimony, as to whether the sale and killing, was before or after the commencement of the suit.

The defendant introduced evidence conducing to prove, that the ox was his, and had left his premises when a calf, about two years old, and that he had found and reclaimed it, about three years afterwards.

Upon this evidence, the defendant moved the court to charge the jury, that, if the animal was killed before the suit was brought, and not for the purpose of placing it beyond the reach of the judgment of the court, the action of detinue is not the proper action; and if they believe, from the evidence, that such was the fact, they must find for the defendant : and further, that unless they believe from the evidence, that there was property in the

plaintiff, and actual possession in the defendant, that is, that in truth the ox was the plaintiff's, they should find for the defendant ; and also, if they believe the evidence, as conflicting, with regard to the claim to the ox, on the one side and the other, and that the same is equally strong on the one side and the other, the presumption of the law, in such cases, is in favor of the defendant. The court gave these charges to the jury, and the matters of law therein arising, are now assigned for error.

CHILTON, for the plaintiff in error.

ORMOND, J.—No case has been referred to establishing the principle, that an action of detinue, will lie after the destruction or death of the chattel sued for ; nor have our researches enabled us to discover any: on principle, we think such an action cannot be maintained. The action is brought for the recovery of the specific article or its alternative value. We do not subscribe to the position that, it is at the election of the party to deliver the article after the judgment or not, at his pleasure, where it is in his power to deliver it. But the writ is framed, and its precise object is, to recover the article in specie, and where this is impossible at the time of the action brought, so that the object of the writ cannot be accomplished, the action will not lie.

Where the evidence in a cause, is so precisely balanced that it is impossible to say on which side the evidence predominates, there can be no decision, and consequently, the plaintiff must fail, as he undertakes to establish a cause of action against the defendant; and until he makes out a *prima facie* case, the defendant may remain passive. A case, where the evidence on both sides, is of precisely the same weight, (if indeed such a case can be supposed) is the same as if there was no evidence at all.

This was, in substance, the charge of the court. The position of the counsel for the plaintiff in error, that regard in such a case, should be had to the previous possession of the plaintiff in error, begs the entire question, as that was the very thing to be proved before the jury.

There is no error in the judgment, and it must be affirmed.