State v. McCormack.

## THE STATE v. J. W. McCORMACK.

An indictment, for unlawfully using an estray, at a time when the commission of such offence would have been punishable under Art. 1254, Hart. Dig., found after the taking effect of the Code of Criminal Procedure, and which does not allege the value of the animal, is fatally defective. Under that Article, proof of the value is essential to determine the penalty. Such defect, being matter of substance, cannot be amended. (Code Crim. Proc. Art. 508.)

APPEAL from Lampasas.   Tried below before the Hon. Nat. M. Burford.

Indictment against the appellee, charging him with taking into his possession, on the first day of August, 1856, a certain bay mule, the property of a person to the grand jurors unknown, which said mule was then and there (in the county of Lampasas) an estray on the premises of the defendant; and that the said defendant did then and there use, and work the said mule, without advertising said mule as an estray, as required by law.   The district attorney moved to amend the indictment, by inserting therein the words "of the value of fifty dollars," immediately after the words "did unlawfully take into his possession a certain bay mule," which motion was overruled.   Motion to quash the indictment, because the same did not charge an offence known to the laws of the state.   Motion sustained. The district attorney excepted, and appealed.

*Attorney-General,* for appellant.   The most material question to be considered in this case, is, was it necessary to charge, in the indictment, the value of the property?   It is a proposition too well settled, to be discussed, that nothing more need be charged in the indictment, than the facts necessary to constitute the offence.   (2 Arch. Cr. Pl. & Pr. p. 85, and marginal notes.)

It is equally well settled, that in an indictment for an offence created by statute, it is, in general, sufficient to follow the words of the statute, in describing the offence.   The present

case does not come within any of the exceptions to the rule.
(State v. Warren, 13 Tex. Rep. 45 ; State v. West, 10 Id. 553.)
The charge in the indictment, follows the language of the sta-
tute, and every possible ingredient of the offence is fully set
forth.   The value of the property, is not an element of the
offence.   The offence would be perfect, whether the property
was worth one or one hundred dollars.   The value of the pro-
perty is material only in determining the extent of the penalty,
and was only intended to graduate the penalty.   The value of
the property, constituted an issue outside, and independent of
the offence, and could not therefore have been properly put in
the indictment.   (3 Arch. Cr. Pl. & Pr. p. 86.)

The argument, that the accused could not, from the indict-
ment, "know what he was called upon to defend," is entitled
to no consideration ; for the reason, that the value of the pro-
perty affects the penalty alone, and that is but a legal conse-
quence, of which he is charged with notice.

The conclusion is, that, as it is not necessary to allege the
penalty, in the indictment, it is equally unnecessary to allege
that which simply regulates the extent of the penalty.

*M. H. Bowers*, for appellee.   It is contended by the appel-
lee, that the court below did not err in quashing the indictment
in this cause.

1st.  The indictment is founded on the 7th section of the estray
laws, (Hart. Dig. Art. 1254) the penalty of which is a fine, "equal
to double the value of the animal," charged to have been unlaw-
fully used by the defendant.   The indictment does not allege
the animal to be of any value.   If the animal had no value,
there was no offence charged, and consequently there could be
no penalty inflicted.   As the grade of the penalty depends
entirely on the value of the animal, the allegation of the value
of the animal, is a material part of the description of the offence.
Without this averment in the indictment, the defendant could
not know that the question of value would arise ; and hence, he
was not notified of what he would be called upon to defend.

State v. McCormack.

He could not anticipate the course of the State, and be prepared, on the trial, with testimony to show the value of the animal.

2d. The court did not err, in refusing to permit the State to amend the indictment. Art. 508 of the Code of Criminal Procedure, provides for the amendment of indictments, when the exception is "merely on account of form." But it is contended that, in a prosecution of this character, the amount of *value* is not a mere matter of form, but is so much matter of substance, as that the failure to make the averment, will be fatal to the indictment.

The penalty for the offence is controlled by the value of the animal used; and hence, the averment of value, is as necessary a part of the indictment, as the averment that the animal is an estray, or that the defendant unlawfully took it up and used it, without advertising according to law. If the district attorney could, by amending the indictment, assess the value of the animal, he could also, by amendment, supply the absence of the averment, that the animal was an estray, and also that the defendant used it without advertising. If he could do this, the grand jury need do nothing more than return into court the skeleton of an indictment, containing the formal commencement and conclusion, leaving all the material averments—the gist, the substance, the description of the offence—to be filled in by the district attorney by way of amendment.

3d. But there was no law in force to warrant the prosecution. The indictment was preferred on the 7th day of May, 1857. (Record, page 4.) The Penal Code, which took effect on the first of February, 1857, repealed all laws and parts of laws, relating to crimes and misdemeanors, not enumerated in the Code. Art. 3 of the Code provides, that "no person shall "be punished for any act or omission, as a penal offence, unless "the same is expressly defined, and the penalty affixed, by the "written law of the state." But there was no "written law of the state" in force, at the time this indictment was preferred, "defining a penalty" for using estrays, without advertising. It

is therefore insisted, by the appellee, that the indictment was preferred without any law to warrant it, and hence it ought to have been quashed, and the prosecution dismissed.

Although the offence is alleged to have been committed, before the statute making the penalty was repealed, yet the prosecution is not maintainable under Art. 18 of the Code, for it would be in direct violation of Art. 3. If the indictment had been preferred before the law, under which it was found, was repealed, the prosecution *might* have been maintained, under Art. 18 of the Code. But as this was not done, it is contended, that the prosecution is in direct violation of Art. 3; that there must be a law in force, prescribing a penalty, at the time the prosecution is instituted, and also at the time of conviction. This was clearly the rule, at common law, and the current of American decisions all sustain it. In the case of James v. Dubois, 1 Harr. (N. J.) Rep. 285, the court says, "If a penal "statute be repealed, after acts done in violation, the violator is "not subject to punishment under it." Also in North Canal Street Road, 10 Watts's Rep. 351, the following language is used: "Proceedings commenced under a statute, are arrested "by the repeal of the statute; and every act done towards "completing them, after such repeal, is void." And in Pope v. Lewis, 4 Ala. Rep. 487, "No judgment can be rendered for "a penalty given by a statute, after the statute is repealed, "although the action was commenced before the repeal." Other authorities might be cited, to the same effect, but these are sufficient to show the general current of decisions. If, therefore, the right to commence and maintain this prosecution, was not reserved to the State, by Art. 18 of the Code, the indictment was preferred without authority of law, and the court very properly dismissed the prosecution. It is contended, that the provisions of this Article are too general to have this effect, especially when we consider the repugnancy between it and Art. 3. Hence the judgment of the court below ought to be affirmed.

ROBERTS, J. The indictment does not allege the value of the mule. If this be a substantial defect, and one not of form, it

State v. McCormack.

cannot be amended. (Code of Crim. Proc. Art. 508.) The penalty, imposed by the section under which this indictment is found, is, "double the value of the animal, and costs." (Hart. Dig. Art. 1254.)

Although the value may not be one of the prominent ingredients of the offence, it is necessary to prove it, to determine the amount of the penalty; and as the indictment was found since the adoption of the Code, it should conform to its rules of certainty, as far as practicable ; which would seem to require, that every thing should be stated, which it is necessary to prove. (Code Crim. Proc. Art. 376.)

A statement of value is generally necessary, in indictments for larceny. And the main reason of it, if not the entire reason, is, to distinguish between grand and petit larceny, which the law makes dependent upon the value of the thing stolen. For, since the abolition of the distinction, in England, it is not necessary to state the value of the property stolen. (2 Arch. Cr. Pl. 357.) The fact, that it is stated to be "of the goods and chattels of," &c., implies value sufficiently. (Ibid.) By the analogy here furnished, it would seem, that the value should be stated in this indictment. But if the object of this provision be considered, the necessity will be much more obvious. It does not proceed on the idea, that working a stray mule, before advertising it as an estray, is necessarily injurious to the owner, in every case, but that, if permitted at all, the whole policy of the estray laws might be defeated, for want of an adequate sanction. It enforces a penalty for the non-observance of those laws, irrespective of whether positive injury has been done or not. It is in the nature of a *qui tam* action, to recover a penalty. In such action, the petition would certainly be held bad, if it furnished no criterion for determining the amount of the penalty, unless it was fixed by law, certain and definite. (3 Bouv. Inst. 228–9.) We are of opinion, that the indictment is fatally defective, in not stating the value of the mule alleged to have been worked by defendant, and that it cannot be amended. The judgment is affirmed.

Judgment affirmed.