May Term, 1861.

THE STATE
v.
SHADLEY.

---

### THE STATE *v.* SHADLEY and Others.

In a prosecution for cutting a tree upon the land of another, the value of the tree constitutes the basis upon which the penalty is estimated, and hence the damage to the owner need not be alleged in the information.

*Tuesday, June 4.*

APPEAL from the *Warren* Common Pleas.

DAVISON, J.—This was an information against the appellees, who were the defendants, for cutting a tree on the lands of another, without license. The charge is, that the defendants, on *March* 16, 1858, at *Warren* county, did then and there unlawfully cut down, on lands belonging to the heirs of *Edward I. Hamilton*, in said county, one green beech tree, of the value of one dollar, and of the property of said heirs, without having a license so to do, from said heirs, or any other competent authority, contrary, &c. There was a motion to quash the information sustained, and the State excepted.

The information is said to be defective because it does not allege "that the owners of the tree were damaged." There is nothing in the objection. The statute thus defines the offense: "Every person who shall injure any tree, &c., on the land of another person, . . . . . without a license so to do from competent authority, . . . . . shall be deemed guilty of a

trespass, and, upon conviction, shall be fined in five times the value of such property," &c.   2 R. S., § 14, pp. 431, 432. In this instance, the tree injured is alleged to be of the value of one dollar, and as such value constitutes the basis upon which the penalty for the commission of the offense is estimated, there seems to be no valid reason why the damage to the owners of the property should have been alleged. Such allegation is not a requirement of the statute, nor does the nature of the offense require it.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Henry M. Nourse*, for the State.

*B. F. Gregory* and *J. Harper*, for the appellees.