## JOHN A. THARP v. THE STATE.

In a prosecution under article 775 *b*, of the Penal Code, for taking up and using an animal coming within the meaning of an estray, without complying with the laws regulating estrays, it is essential that the evidence should show that the offense was committed within the county where the indictment was found. Such proof was matter of substance, and was requisite to sustain the jurisdiction of the court. (Paschal's Dig., Art. 2441, Note 693.)

A conviction under the article above referred to cannot be sustained unless there was evidence of the value of the animal. This is necessary to enable the jury to assess the punishment, which is limited by the act to a fine not exceeding double such value. (Paschal's Dig., Art. 2441, Note 693.)

APPEAL from Ellis. The case was tried before Hon. R. W. SCOTT, one of the district judges.

At the fall term, 1865, the appellant was indicted by the grand jury of Ellis county for taking up and using a certain ox, without complying with the laws regulating estrays. The offense was alleged to have been committed in Ellis county, and the value of the ox was laid in the indictment at $20. It does not appear, however, from the statement of facts, that there was evidence before the jury corresponding to these allegations in the indictment.

The jury found the appellant guilty, and assessed his fine at $15. Judgment accordingly. Motion for a new trial overruled, and defendant appealed, assigning error in the charge of the court, and that the verdict was contrary to the law and the evidence.

*John J. Good*, for the appellant.

*William M. Walton, Attorney General*, for the State.

DONLEY, J.—The judgment in this case must be reversed. It does not appear from the evidence that the defendant took and used the ox in Ellis county. It was necessary that this proof should have been made. It was a matter of substance, and requisite to give the court jurisdiction.

The proof was further insufficient, in not showing the value of the ox; this was necessary to enable the jury to determine the amount of punishment. (State v McCormack, 22 Tex., 297.)

The judgment is reversed, and the cause

REMANDED.