*J. P. Baird* and *C. Cruft*, for appellants.

*W. Mack*, for appellee.

---

### HARNESS *v* THE STATE.

MALICIOUS TRESPASS.—An information for a malicious trespass alleged that the defendant maliciously, &c., killed a dog, of the value of forty dollars, &c.

*Held*, that the information was bad, for not alleging the amount of the damage done.

APPEAL from the *Cass* Common Pleas.

GREGORY, J.—Information against the appellant, charging that on, &c., at, &c., he did then and there unlawfully, mischievously and maliciously kill a black-spotted dog, the personal property of *Robert Gilbert*, of the value of forty dollars. Plea, "not guilty." Trial by jury. Verdict of guilty. Motions for a new trial and in arrest overruled, and judgment. The record does not show the names of the jurors.

It is provided that "every person who shall maliciously or mischievously injure, or cause to be injured, any property of another, or any public property, shall be deemed guilty of a malicious trespass, and be fined not exceeding two-fold the value of the damage done, to which may be added imprisonment, not exceeding twelve months." 2 G. & H.,

§ 13, p. 462. As the amount of the damage done, and not the value of the animal killed, constitutes the basis upon which the penalty for the offense is estimated, we .think the information is fatally defective. As a matter of law, we cannot know that the dog was of no value after he was killed; at least, it is a fact that cannot be left to inference. Some animals are of as much value after they are killed as before. The damage occasioned by the injury complained of must be averred. *The State* v. *Peden,* 2 Blackf. 371. *The State* v. *Shadley et al.,* 16 Ind. 230, was an information against the appellees for cutting a tree on the lands of another, without license. In such a case, the value of the property, and not the amount of damage done, is the basis of the punishment, and therefore in that case it was rightly held that the information charging the value of the tree was good. The court below erred in overruling the motion in arrest of judgment.

It is assigned for error, in this court, that the names of the jurors do not appear in the record. This question becomes immaterial, and we do not decide it.

The judgment is reversed, and the cause remanded to said court, with directions to sustain the appellant's motion in arrest of judgment.

*D. D. Pratt* and *D. P. Baldwin,* for appellant.

*D. E. Williamson,* Attorney General, for the State.