### NOBLE OSBORN v. THE STATE.

1. The statute against disposing of an animal coming within the meaning of an estray, without first complying with the laws regulating estrays, (Paschal's Digest, Article 2441,) provides (by reference to the next preceding article) that the punishment shall be by fine not exceeding double the value of the animal. A conviction under this article cannot be sustained when there was no evidence of the value of the animal. (Thorp v. The State, 28 Texas, 697, approved so far as this ruling is involved.)

APPEAL from Parker. Tried below before the Hon. A. B. Norton.

No occasion is apparent to detail the facts more particularly than as stated in the opinion.

*T. B. Wheeler,* for the appellant.

*E. B. Turner,* Attorney General, for the State.

WALKER, J.—The indictment is framed on Article 2441, Paschal's Digest. It alleges no value in the animal, which the de-

XXXIII—35

fendant is charged to have made an unlawful disposition of. The punishment of the offense is fixed by Art. 2440 at double the value of the animal.

The indictment alleges no value of the animal, nor is there any evidence of its value.

In Thorp v. The State, 28 Texas, 697, the court say: "A conviction under the article above referred to cannot be sustained unless there was evidence of the value of the animal. This is necessary to enable the jury to assess the punishment, which is limited by the act to a fine not exceeding double such value." The question of venue referred to in this case is definitely settled in the late case of Myers against the State, and Thorp v. The State, overruled, so far as it relates to this subject.

The judgment of the district court is reversed and cause remanded.

Reversed and remanded.