## THE STATE v. J. C. HEATH.

INDICTMENT FOR INJURY TO ANIMALS MUST CHARGE THE AMOUNT OF THE DAMAGE DONE.—An indictment charging the defendant with willfully shooting a domestic animal, with intent to injure the owner, must allege the amount of the injury done the owner by the act.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—This is an indictment against J. C. Heath, charging him with willfully shooting and wounding two cows, each of the value of twenty dollars, with intent to injure the owner. The defendant excepted generally to the indictment for insufficiency, and specially, because it does not allege that any damage was done the cows alleged to have been shot, or the amount of damage done them. The court sustained the exceptions and quashed the indictment, and the State appeals.

It will be seen that the indictment avers the value of the animals, and the intent with which the act was done, but not the amount of the injury done to the owner. Where the value of the property is the basis for assessing the penalty, it must be alleged, and if not so alleged, the indictment is fatally defective, and was so ruled in the case of The State *v.* McCormack, 22 Tex., 297, which was an indictment for unlawfully using an estray without advertising, as required by law, the penalty in that case being "a fine equal to double the value of the animal." The statute of Alabama against malicious mischief provides that the offender shall be fined in such sum as the jury trying the same shall assess, not exceeding four-fifths of the value of the property injured or destroyed. It was held under the statute that the indictment should contain an averment of the value of the property injured. (The State *v.* Garner, 8 Porter, 447; Clark *v.* The People, 1 Scammon, Ill., 117.)

By the analogy furnished by these cases, every fact essential to the punishment to be inflicted should be alleged in the indictment.

Our Criminal Code provides that: "If any person shall willfully kill, maim, wound, poison, or disfigure any horse, mare, gelding, jack, jennet, mule, colt, cattle, sheep, goat, swine, or dog of another, with intent to injure the owner thereof, he shall be fined not less than three times the amount of the injury done to the owner by such offense,

and not exceeding ten times the amount of such injury." (Pas. Dig. art. 2344.)

Under this statute the injury done to the owner enters into the penalty, and is the element out of which it springs. Regarding, then, the amount of the injury done to the owner as a fact affecting the measure of the penalty, and as furnishing the basis for assessing it by the jury, the omission of an averment of the amount of the injury, or the extent of it, in the terms of the statute, was a fatal defect in a matter of substance, and reached by the general exception to the indictment for insufficiency, and the court did not err in sustaining the exceptions.

The judgment is therefore affirmed.

AFFIRMED.