M. THOMAS v. THE STATE.

CRIMINAL PROCEDURE. Under the Code (Paschal's Digest, Article 2344), the willful killing of a hog, when done with intent to injure the owner, is punishable by fine not less than three times the amount of injury done to the owner, and not exceeding ten times the amount of such injury.
Held, That the amount of injury done the owner being an element in the punishment, must be distinctly alleged, and an allegation of the value of the animals killed is not sufficient.

APPEAL from DeWitt. Tried below before the Hon. D. D. Claiborne.

Philips, Lackey and Stayton, for appellant.

Geo. Clark, Attorney-General, for the State.

REEVES, J. The indictment charges the appellant with having unlawfully, willfully, and maliciously killed three hogs, of the value of ten dollars, the property of J. D. Anderson, with intent to injure said Anderson.

The jury found the defendant guilty, and assessed the fine at forty-five dollars, for which sum the court rendered judgment and ordered that the defendant be committed to the county jail until the fine and costs were paid.

The defendant moved for a new trial on the grounds stated in his motion and also in arrest of judgment.    1. Because the indictment does not allege what injury, if any, was done to the owner of the property charged to have been killed, and 2. Because the indictment does not lay any basis for the determination of the amount of the fine to be imposed.

The motion for a new trial and motion in arrest of judgment being overruled, defendant appealed and assigns for error, the overruling his motions, and error in the instructions to the jury, and for refusing to give the instruction asked by defendant.

The defendant asked the court to instruct the jury that if they believed from the evidence that the defendant killed the hogs for the purpose of protecting his crops and not to injure the owner, defendant could not be convicted.    This instruction was properly refused for the reason stated by the judge, if for no other, that it was not warranted by the evidence.    The refusal to give the charge and the action of the court on the other grounds of the motion for a new trial, need not be further examined, if, as contended by appellant, the motion in arrest of judgment should have been sustained.

The provision of the Code on which the indictment was found, punishes the willful killing of any of the animals enumerated in the statute, when done with intent to injure the owner, by a fine not less than three times the amount of the injury done to the owner, and not exceeding ten times the amount of such injury.    (Article 2344).

The indictment states the value of the hogs, and the intent with which they were killed, but fails to allege the amount of the injury done to the owner.    The value of the property is not made the standard for measuring the penalty.    As a question of law, it cannot be said that the value of the hogs was the amount of the injury done the owner; if such be the fact, it should have been so averred in the indictment, and not left to argument or inference.

The injury done to the owner of the property being the essential element in the punishment, and the basis for assessing it,

the indictment should have followed the terms of the Code and averred the amount of the injury.

(Bishop on Statutory Crimes, 444; Hamess v. The State, 27 Ind. R., 425; The State v. Shadley, 16 Ind., 230.)

The judgment of the District Court is reversed, and the case remanded.

Reversed and remanded.