R. L. NICHOLSON v. THE STATE.

MALICIOUS MISCHIEF — INDICTMENT. — Article 713 of the Penal Code (Pasc. Dig., art. 2343) provides that the willful killing, etc., of certain animals, with intent to injure the owner, shall be punished by a fine not less than three nor more than ten times the amount of the injury done the owner. *Held,* that an indictment under this article must allege the amount of injury done the owner. If it alleges the value of the animal killed, but not the amount of injury done the owner, it is bad on motion in arrest of judgment.

APPEAL from the County Court of Bosque. Tried below before the Hon. J. K. HELTON, County Judge.

*Bean & Thomas,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The indictment charges that the accused, at a time and place stated, "did then and there unlawfully and willfully kill, by shooting, a certain gelding, the property of Preston Abbott, of the value of fifty dollars, with intent to injure the owner, contrary," etc.

After trial and conviction the accused made a motion in arrest of judgment, on the following grounds:

1. Because the indictment in this case is not sufficient in law to support the judgment rendered thereon.

2. Because the indictment does not charge any offense

against the laws of the state in plain and intelligible language.

3. Because said indictment does not allege the amount of injury done to the owner of the gelding alleged to have been shot.

4. Because said indictment does not allege any amount of injury done, so as to enable the jury trying the case to have a sufficient predicate upon which to regulate the fine imposed.

The article of the Penal Code upon which this indictment must rest, if at all, provides: "If any person shall willfully kill * * * any horse * * * with intent to injure the owner thereof, he shall be fined not less than three times the amount of the injury done to the owner by such offense, and not exceeding ten times the amount of such injury." Code, art. 713 (Pasc. Dig., art. 2344).

It will be seen that, in case of conviction, the amount of the fine is to be regulated, not by the value of the animal killed, or by the amount of injury done to the animal, but by the amount of the injury done to the owner. Hence, in order to admit evidence by which the jury could fix the amount of the fine to be imposed, it is essential that the indictment should allege the amount of injury done the owner by the act of the defendant.

In construing the same article of the Code, Reeves, J., in delivering the opinion of the court in *Thomas* v. *The State*, 42 Texas, 236, says: "The injury done to the owner of the property being the essential element in the punishment, and the basis of assessing it, the indictment should have followed the terms of the Code and averred the amount of the injury."

In a similar case, *The State* v. *Heath*, 41 Texas, 426, it was said: "Under this statute the injury done the owner enters into the penalty, and is the element out of which it

springs. Regarding, then, the amount of the injury done to the owner as a fact affecting the measure of the penalty, and as furnishing the basis for assessing it by the jury, the omission of an averment of the amount of the injury, or the extent of it, in the terms of the statute, was a fatal defect in a matter of substance, and reached by the general exception to the indictment for insufficiency, and the court did not err in sustaining the exception." And so, also, *Harness* v. *The State*, 27 Ind. 425, where, under a statute similar to ours, it was held: "As the amount of the damage done, and not the value of the animal killed, constitutes the basis upon which the penalty for the offense is estimated, * * * the damage occasioned by the injury must be averred. * * * Some animals are of as much value after they are killed as before." And see authorities referred to in the opinion.

On the statute as applied in these cases, the indictment under present consideration must be held insufficient in that it does not aver the amount of injury done to the owner of the property by the act complained of.

The judgment of the District Court of Bosque County in this case is reversed, and the cause dismissed.

*Reversed and dismissed.*