## J. NEWTON v. THE STATE.

1. MALICIOUS MISCHIEF. — In a prosecution based upon article 2344, Paschal's Digest, for willfully killing or otherwise injuring certain animals, the intent to injure the owner is the gist of the offense; and, to warrant a conviction, this intent must be proved as well as alleged. It cannot be presumed from the mere act of injury.

2. CHARGE IN MISDEMEANORS. — This court will presume that a verbal charge given in a misdemeanor case was correct; but, if the charge was given in writing, no such presumption can obtain.

APPEAL from the District Court of Goliad.     Tried below before the Hon. D. D. CLAIBORNE.

The case is fully stated in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The appellant was indicted, under article 2344, Paschal's Digest, for malicious mischief in killing a certain white-spotted cow of the value of $15, the property of Jasper Miller, and with intent to injure the owner.

The charge in full, as given by the court to the jury, is in the following words and figures, to wit:

" Charge of the Court. Whenever any injury is done by one person to the property of another, by shooting his cow or other animal, the intent to injure the owner of the animal is presumed ; and it rests with the person inflicting the injury to show the accident or innocent intention. "

This charge was excepted to by the defendant.

The defendant's counsel then asked two special instructions, which were refused by the court, and a bill of exceptions saved. Defendant was found guilty, and his punishment assessed at a fine of $45. How the jury arrived

at the amount they were authorized to affix as a fine we are unable to conceive. The charge of the court certainly did not inform them, and in fact the charge, which we have copied *verbatim et literatim*, would have suited any other case of cow-killing as well as the one being tried, and would not have been sufficient in any case to warrant a verdict of guilty.

In misdemeanors, where the court gives a verbal charge, we will, in the absence of anything to the contrary, presume that the charge was the law; but no such presumptions can be indulged when this charge appears, as in this case, to be in writing.

The refused instructions asked by defendant, as shown by his bill of exceptions, were:

" 1. In all cases the state must establish by proof every material allegation contained in the indictment; and the jury must be satisfied from the evidence that the defendant killed the animal, and they must believe from the evidence that such killing was done for the purpose of injuring the owner of the animal.

" 2. In the absence of any proof that the killing of the animal described in the indictment, by defendant, was so done to injure the owner, Jasper Miller, they must acquit the defendant. "

The intent to injure the owner is the very gist of the offense described in article 2344, Paschal's Digest, and the refusal of those instructions was error.

Again, the injury done to the owner being the essential element in the punishment, and the basis for assessing it, the jury should have been informed, within the limits prescribed, in what amount the punishment might be assessed — that is, not less than three times and not exceeding ten times the amount of the injury done the owner by such offense. *Thomas* v. *The State*, 42 Texas, 235; *The State* v. *Heath*, 41 Texas, 426.

In this case the evidence wholly fails to show that, if defendant killed the cow as alleged, he did so with intent to injure the owner. On the contrary, the evidence shows that defendant and the owner of the animal were not acquainted with, and did not even know, each other. The judgment is reversed and the case remanded.

*Reversed and remanded.*