## Herman Uecker v. The State.

1. Complaints in Justices' Courts must charge some offense against the laws of the state.

2. Malicious Mischief. — Article 713 of the Penal Code (Pasc. Dig., art. 2344) makes it an offense to *willfully* kill, maim, etc., certain animals, with intent to injure the owner, and authorizes a fine of not less than three nor more than ten times the amount of the injury done the owner. *Held*, that a complaint, information, or indictment based on this article is fatally defective if, in charging the offense, it fails to use the statutory word "willfully." *Held*, further, that the amount of the injury done the owner must be distinctly alleged, and an averment of the value of the animal will not suffice.

3. Jurisdiction of Justices of the Peace. — A justice of the peace has no jurisdiction of a criminal offense punishable by a fine of more than $200. Hence, in a prosecution based on said article 713, if the injury done the owner exceeded one-third of that amount, the offense was not within a justice's jurisdiction.

4. Appellate Jurisdiction of County Courts. — No jurisdiction can be vested in a County Court by an appeal from a judgment rendered by a justice of the peace in a case beyond his jurisdiction.

Appeal from the County Court of Comal. Tried below before the Hon. G. Pfeuffer, County Judge.

The case is stated in the opinion.

*Fulmore & Jackson*, for the appellant, on the insufficiency of the complaint, cited *Nicholson* v. *The State*, 3 Texas Ct. App. 31; *Thomas* v. *The State*, 42 Texas, 236; and *The State* v. *Heath*, 41 Texas, 426.

*George McCormick*, Assistant Attorney-General, for the State.

White, J. This prosecution was commenced by a complaint before a justice of the peace, against defendant, for malicious mischief. The charge, as stated in the complaint, after the usual formulary, is in these words, viz. : "Did then and there maim, wound, and maltreat, by shooting with a

rifle-gun, two head of neat cattle, to wit, a bull of the value of $50, and a heifer of the value of $20, the property of said Leonard Hitzfelder, without the consent of the said Leonard Hitzfelder, and with the malicious intent, upon the part of the said Herman Uecker, to injure the said Leonard Hitzfelder, contrary," etc. Defendant was tried under this complaint in the justice's court, was fined $66, made a motion for a new trial, which was overruled, and he appealed to the County Court, where the case was tried *de novo* on the original complaint, and resulted in a second conviction, with his punishment assessed at a fine of $210.

In the County Court a plea to the jurisdiction was interposed by defendant, upon the ground that the justice of the peace from whose judgment the appeal was being prosecuted had no jurisdiction to try, and that, consequently, no jurisdiction could be conferred, by appeal, upon the County Court; and that the judgment of the justice was null and void. A special exception was also made to the affidavit or complaint, to the effect that it does not show any offense against the laws of the state. The plea and exception were both overruled, and this action of the court furnishes the errors complained of here.

Now, the statute under which the proceedings were had is as follows: " If any person shall *willfully* kill, maim, wound, poison, or disfigure any horse, mare, gelding, jack, jennet, mule, colt, cattle, sheep, goat, swine, or dog of another, with intent to injure the owner thereof, he shall be fined not less than three times the amount of the injury done to the owner by such offense, and not exceeding ten times the amount of such injury." Pasc. Dig., art. 2344.

Was the complaint sufficient under the statute? The requisites of a complaint are stated in the statute (Gen. Laws Fifteenth Legislature, 165, sec. 29), and one of the requisites is that the offense charged must be stated in plain and intelligible words. The statute does not, it is true —

as in those prescribing the requisites to an indictment or information — say in so many words, with regard to the complaint, that it must appear therefrom that the defendant is charged with some offense against the laws of the state. But such a requirement is necessary, since, under the general provision of our Code declaring the liability of parties to be punished, it is expressly stated that " no person shall be punished for any act or omission as a penal offense unless the same is expressly defined, and the penalty affixed, by the written law of this state." Pasc. Dig., art. 1605. It follows that complaints must show some offense against the laws of the state.

The complaint in this case does not aver that the offense charged was *willfully done*. " Willfully " is the statutory word used in defining the offense, and is, we think, essential to the validity of a complaint, information, or indictment brought under article 2344 — just as the words " willfully and wantonly " are required as essential in the succeeding article, 2345. *Wallace* v. *The State*, 30 Texas, 750 ; *Branch* v. *The State*, 41 Texas, 622.

The complaint is also insufficient in not alleging the injury which was done to the owner of the animals. The value of the animals injured, it is true, is alleged ; but this is not sufficient. " The amount of injury done to the owner, being an element in the punishment, must be distinctly alleged ; and an allegation of the value of the animals killed is not sufficient." *Thomas* v. *The State*, 42 Texas, 235 ; *Nicholson* v. *The State*, 3 Texas Ct. App. 31. The court erred in overruling the exception to the complaint.

The second question is, Did the justice of the peace have jurisdiction of the case? The 3d section of the act defining the powers and jurisdiction of justices of the peace confers upon them only " original concurrent jurisdiction with other courts in all cases arising under the criminal

laws of this state (except misdemeanors involving official misconduct) in which the punishment shall be by fine, and the maximum does not exceed two hundred dollars." Gen. Laws Fifteenth Legislature, 155. In the case at bar the defendant was charged with maliciously shooting animals valued at an aggregate valuation of $70. If that sum had been alleged to be, and could have been taken as, the amount of injury done to the owner, then — the accused being liable to be punished under the statute, as we have seen, in any sum not less than three times and not exceeding ten times the amount of such injury — the case was clearly beyond the jurisdiction of the justice. The least penalty, if the animals were worth as is alleged, and the injury done amounted to $70, would have been $210.

The plea setting up want of jurisdiction in the justice's court was a good one. It has frequently been decided that if the court *a quo* had no jurisdiction of the cause, an appeal from its judgment could confer no jurisdiction upon the appellate tribunal.

Because it appears, from the reasons stated, that the County Court of Comal County had no jurisdiction, on the appeal, to hear and determine the case, the judgment is reversed ; and because it further appears that the complaint upon which the whole proceedings were had is insufficient in law, and charges no offense against the laws of this state, the entire case is dismissed.

*Reversed and dismissed.*