## LUM STREET *v.* THE STATE.

1. MALICIOUS MISCHIEF. — By art. 713 of the original Penal Code, the pun-
ishment for the wilful killing, etc., of. certain animals, with intent to
injure the owner, was by fine of not less than three nor more than ten
times the amount of the injury done the owner.   Under this article
defendant was charged with the killing of twenty-five hogs, worth $60,
to the owner's injury $60.   *Held,* that the measure of the punishment
being regulated by the injury to the owner, and not by the value of the
animals, the State was not bound to prove the killing of the entire num-
ber of animals alleged in the information, but only of so many as war-
ranted the jury in fixing the fine at the amount assessed in their verdict.

2. SAME — PRACTICE — EVIDENCE. — *Quære,* whether the right of election
obtains in misdemeanors.   But when a misdemeanor indictment contains
but one count, and it covers a single transaction only, but the evidence
tends to prove more than one transaction, the proper practice is for the
defence to move the court to exclude all evidence except such as conduces
to the proof of a single offence.   If, however, as in the present case, the
motive or intent of the defendant be a substantive element of the offence
charged, evidence which tends to show such motive or intent is competent,
notwithstanding it develops other offences.

3. SAME. — A conviction will not be set aside on account of an erroneous
ruling on a mere question of practice, when it is apparent that the
defendant was not prejudiced thereby.

4. PRACTICE IN THIS COURT. — The charge of the court below is construed in its entirety, and not tested by the abstract accuracy of each clause.

APPEAL from the County Court of Henderson. Tried below before the Hon. W. L. FAULK, County Judge.

The material facts are disclosed in the opinion. The fine assessed against the appellant was $30.

*Robertson & Finley*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was convicted of malicious mischief on the second day of September, 1879, under art. 2344, Paschal's Digest. The information charged the offence to have been committed on the 10th of July, 1879, and, substantially, that it consisted in his having unlawfully, maliciously, and wilfully beat and killed twenty-five head of hogs, naming the owner, of the value of $60, and to the injury of the owner $60.

From the great number of questions raised, and the earnestness with which they have been insisted upon both here and in the lower court, it is evident that his counsel were determined to have every technical and substantial right fully adjudicated in the application of the rules of law to the trial of the case. We do not propose to notice at length all these questions, but to select out one or two of the most prominent; since, in our opinion, their solution will determine his right to a reversal of the judgment.

And first, as to whether the proof sustained the charge in the information. As stated above, the charge was the wounding and killing of twenty-five hogs, the aggregate value of which was alleged to be $60; there being no separate value alleged to the individual hogs injured. On the trial, the evidence showed only ten hogs to have been killed, and they killed at different times.

Now, under the statute (Pasc. Dig., art. 2344), the penalty for the offence is made to depend upon the amount of injury done to the owner, — this injury being in fact the very gist of the offence. As was said in *Thomas* v. *The State*, 42 Texas, 235, "the value of the property is not made the standard for measuring the penalty. As a question of law, it cannot be said that the value of the hogs was the amount of the injury done the owner." The injury done the owner is the essential element in the punishment, and the basis for assessing it. *The State* v. *Heath*, 41 Texas, 426. And in *Nicholson* v. *The State*, 3 Texas Ct. App. 31, this court said: " It will be seen that in case of conviction the amount of the fine is to be regulated, not by the value of the animal killed, or the amount of injury done to the animal, but by the amount of injury done to the owner."

In theft a different rule prevails. " Whenever the value of the property alleged to have been stolen is an element for determining the grade of the offence or the extent of its punishment, it is unquestionably necessary to allege in the indictment the value of the stolen property. Obviously, therefore, when the difference between grand and petit larceny is distinguishable merely by the value of the property stolen, not only must its value be stated, but, where several articles are stolen, unless the value of each article stolen is alleged, instead of the aggregate value of the whole, if there is a failure in the proof of the larceny of some of them, a general verdict would not be justified by the evidence or warrant a judgment, because in such case the indictment would not show the value of the articles proved to have been stolen, or the grade of the offence of which the defendant should be adjudged guilty. It is therefore generally customary, and is certainly more prudent, to allege the separate value of the articles stolen, rather than to charge merely their aggregate value." *Thompson* v. *The State*, 43 Texas, 268; *Ware* v. *The State*, 2 Texas Ct.

App. 547; *Meyer* v. *The State*, 4 Texas Ct. App. 121; *Doyle* v. *The State*, 4 Texas Ct. App. 153.

Injury done the owner is alleged to be $60 in the information we are considering, and we apprehend that it was only necessary, in order to make out the case, to prove the killing of one or more of the hogs, and the amount of the intended injury occasioned the owner thereby, to have enabled the jury intelligibly and legally to assess the punishment under the statute. This disposes of defendant's first bill of exceptions.

In his second bill of exceptions and third assignment of errors, the point of objection is that the court erred in its refusal to compel the prosecution, after all the evidence in the case had been adduced, to elect on which killing shown by the evidence the cause would be submitted to the jury, — the evidence having shown the killing to have been done on different days. For rules with regard to the practice of election in felony cases, and especially where the indictment contains more than one count setting forth distinct offences, see *Dalton* v. *The State*, 4 Texas Ct. App. 333, and authorities, and amongst them *Lunn* v. *The State*, 44 Texas, 85, relied upon by appellant.

The case at bar is a misdemeanor, and contains but one count. Whether the right of election obtains at all in misdemeanors, and especially in cases where there is but a single count setting out the offence, has been much discussed with a diversity of opinion in the courts. See *Waddell* v. *The State*, 1 Texas Ct. App. 720, and authorities cited; Bishop's Cr. Proc. (2d ed.), sect. 458, and note 2; id., sect. 461.

We do not deem it necessary to lay down any general rule on the subject in this case. In our opinion, the better practice in such cases as the one at bar, where the indictment is for a misdemeanor, containing but a single count and purporting to cover but a single transaction, should the evidence after its introduction develop more than one

transaction, — we say the better practice would be, and the simplest, to move the court to exclude all evidence but such as goes to sustain a single transaction. This certainly would subserve the purposes sought, which in every criminal case should be to limit the investigation to but one offence.

The motion in this case was a motion of this character, and could well and should have been treated by the court as such. But, inasmuch as the case was one where the motive or intent with which the act was committed was the gist of the offence, it was permissible to go into and show other criminal transactions of a similar character, as evidence of the intent or motive ; and to this extent the evidence was doubtless admissible. *Gilbraith* v. *The State*, 41 Texas, 567.

Under the circumstances, the proper practice would have been for the court to grant the motion, and to have excluded the evidence establishing more than one transaction so far as estimating the punishment was concerned, but allowing the jury still to weigh and consider it in determining the motive or intent with which the single act was done.

The court having erred in its ruling, should the case be reversed for the error? We think not, because it appears that no injury was occasioned the defendant by the error. Under the statute in force at the time when the offence was committed (Pasc. Dig., art. 2344), the punishment affixed to the offence was not less than three times nor exceeding ten times the amount of the injury done the owner. The verdict and judgment assess the punishment at a fine of $30. If but a single hog was killed, worth $3, and there is evidence to that effect, then the verdict was within the limits of the law and was not excessive ; and defendant could not be heard to complain, it not being made to appear that he was injured. In other words, the error does not appear to have been a material one. *Haynes* v. *The State*, 2 Texas Ct. App. 84 ; *Taylor* v. *The State*, 3 Texas Ct. App. 387.

Abstractly considered, that portion of the charge of the court to the jury, viz., that "the intent to injure cannot be proved by positive testimony," may have been erroneous; but the error, if such, was cured and corrected by a proper charge, which was given, and which followed immediately and in close connection with the objectionable portion, and which is in these words: "It is for you to determine, from all the facts and circumstances developed by the testimony, whether there was or was not an intent on the part of defendant to injure the owner." *Browning v. The State*, 1 Texas Ct. App. 96; *Boothe v. The State*, 4 Texas Ct. App. 202. And this was followed by an appropriate charge on the presumption of innocence and the reasonable doubt.

The general charge of the court was full and sufficient in its presentation of the law of the case; and we perceive no error in the refusal to give the two special instructions asked for by the defendant, — the first not being correct as a proposition of law, and the second having in substance been already embraced in the charge given.

On a review of the whole record, we see no such material error as would require a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*