### T. B. Archer *v.* The State.

Pursuing a Taxable Occupation without License. — The penalty for this offence is by fine in any sum not less than the amount of the taxes due, and not more than double that sum. Penal Code, art. 110. The county occupation-tax, as well as that of the State, is within the language and purview of the law, and is a factor in the penalty. Its amount being variable at the will of the county commissioners, and not being a matter of judicial knowledge, it is necessary that an indictment or information for this offence shall allege, and the evidence prove, the amount of the tax due at the institution of the prosecution.

Appeal from the County Court of Johnson. Tried below before the Hon. W. J. Ewing, County Judge.

The indictment charged that the appellant " did, from the first day of April, 1878, up to and until the first day of November, 1878, unlawfully pursue and follow the occupation of selling vinous, malt, spirituous, and intoxicating liquors in quantities less than a quart, without having obtained a license therefor, and without having paid the occupation tax levied by the laws of Texas on said business; contrary," etc.

*DeBerry & Smith,* for the appellant.

*George McCormick,* Attorney-General, for the State.

Clark, J.   The act of March 13, 1875, entitled " An act making it a penal offence for any one to pursue any calling, profession, or occupation upon which a tax is payable, without obtaining a license therefor" (Laws 1875, p. 94),

provides that upon conviction the person offending shall be fined in any sum not less than the amount of the tax so due, and not more than double that sum. If it was the design of the Legislature, in the enactment of the law, simply to provide a penalty for pursuing any taxable occupation without paying the State tax levied upon such occupation, — in other words, if the term " tax," as used, was only intended to embrace the State tax upon any particular occupation, — then the indictment in this case can be upheld; for a reference to existing statutes levying an occupation-tax at the time the offence is committed fixes the penalty with as absolute legal certainty as if incorporated in the statute under consideration.

But if the design was to furnish a criminal remedy for the enforcement of collections of occupation-taxes due to both State and county, then recourse must be had to evidence *aliunde* in order to fix the penalty, and such evidence is legally inadmissible in the absence of a proper allegation in the indictment upon which to base it. Code Cr. Proc., art. 421. The amount of taxes levied upon occupations in the respective counties is not fixed by law, but is left to the discretion of the County Commissioners' Court; and in certain counties special taxation is authorized by special law, or by general law under certain exigencies.

We regard the act as intended to secure the prompt payment of all occupation-taxes due either State or county, or both. The word " tax " is used without qualification or restriction, and there is nothing in the title or body of the Statute indicating an intention to restrict the penalty to the pursuit of an occupation taxable by law, without prepayment of the State occupation-tax only. The term employed fairly and naturally comprehends all contributions of this character imposed. by government on individuals for the service of the State, and the county governments are but parts of the general system devised by the people for the lawful regulation of the public concerns and the protection

of the public interests. The machinery of the counties is as much a part of the general system of government as that which pertains to the whole State, and county taxes play an important part in the administration of justice for the whole State. It is the more reasonable conclusion, therefore, that the law-making power intended by the enactment to guard the interests of counties as well as of the State, and that the penalty for a violation of the offence denounced by the statute must be estimated according to the amount of the particular occupation-tax, State and county, due at the time the prosecution is instituted. And such is the effect of a decision by us at a previous day of the present term. *Spears* v. *The State*, 8 Texas Ct. App. 467.

The penalty, therefore, not being fixed absolutely by statute, but dependent upon the amount of the State and county occupation-tax due at the time the prosecution is instituted, the rule which has been held applicable in violation of the estray law, wilfully and wantonly wounding or killing a dumb animal with intent to injure the owner, wilfully driving cattle from their accustomed range under circumstances not amounting to theft, and the like class of cases, must be held to obtain in this character of prosecutions, and the indictment or information must allege the amount of the tax due at the institution of the prosecution, which allegation must be supported by competent evidence upon the trial. *Powell* v. *The State*, 7 Texas Ct. App. 467; *Thomas* v. *The State*, 42 Texas, 235; *Thorp* v. *The State*, 28 Texas, 696; *The State* v. *McCormick*, 22 Texas, 297.

Because the indictment was insufficient in law to support a conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*