## J. H. Crews v. The State.

Retailing.— Indictment or Information for pursuing a taxable oc-
cupation without license should allege the amount of the taxes due
and unpaid, and, if any part thereof be county tax, it should further
allege the levy made by the county commissioners; and it is incum-
bent on the State to prove this allegation.

Appeal from the County Court of Fannin. Tried
below before the Hon. T. B. Cox, County Judge.

The case is disclosed in the opinion.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Hurt, J.   The appellant, Crews, was prosecuted to
conviction for pursuing the occupation of selling intoxi-
cating liquors in quantities less than one quart, without
obtaining a license therefor.   Art. 110 of the Penal Code
provides:   "Any person who shall pursue any occupation,
calling, or profession, or do any act taxed by law, without
first obtaining a license therefor, shall be fined in any
sum not less *than the amount* of the *taxes so due*, and not
more than double that sum."   By article 4665 of the Re-
vised Statutes the amount for pursuing the occupation of
selling intoxicating liquors in quantities less than one
quart is fixed at two hundred and fifty dollars.   This is
the State tax.   Articles 4666 and 4668 authorize the com-
missioners of the several counties to levy taxes equal to
one-half of the State tax.   The commissioners cannot go
beyond one-half, and are not *compelled* to levy any tax
upon those occupations.

Whilst the information charges that the amount due
and unpaid is two hundred and eighty dollars, it fails to
inform us whether these are State or county taxes.   This
is fatal; for, if county taxes, the indictment or informa-

tion must charge the levy by the commissioners. The levy and the amount levied must not only be charged, but the State must prove these allegations. *Spears* v. *State,* 8 Texas Ct. App. 467; *State* v. *McCormick,* 22 Texas, 297; *Osborn* v. *State,* 33 Texas, 545; *Thorp* v. *State,* 28 Texas, 696. The appellant moved to quash, and also in arrest of judgment. These motions were overruled by the court and exceptions taken. This was error for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*