Dinwiddie v. The State.

Filed Sept. 23, 1885.

No. 12,468.

## DINWIDDIE v. THE STATE.

CRIMINAL LAW.—*Killing Dogs.— Repeal of Statute.—Revivor.*—So far as section 2646, R. S. 1881 (enacted in 1852), allowed the killing of all dogs found off the premises of their owners, it was repealed by the act of 1881 (Acts 1881, p. 395), and it was not revived by the repeal of the latter act by the act of 1883 (Acts 1883, p. 148).

SAME.—*Act 1883.— When Dogs May Lawfully be Killed.*—Under section 5 of the act of 1883 (Acts 1883, p. 149), a dog listed for taxation can not be lawfully killed except while engaged in committing damage to the property of others than its owner, or is known to be a dog that will kill or maim sheep.

SAME.— *Value of Dog.—Evidence.*—In a prosecution under such statute, the value of the dog, if any, is not material.

SAME.—*Exclusion of Evidence.—Error Compensatory.*—A party can not make available for the reversal of a judgment the exclusion of evidence, where, upon his objection, like evidence was excluded when offered by the other party

From the Lake Circuit Court.

*W. Johnston,* for appellant.

*F. T. Hord,* Attorney General, *E. D. Crumpacker,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was tried, convicted, and fined ten dollars upon a charge of having mischievously and maliciously killed a dog, owned by the prosecuting witness.

The prosecution is based upon the act of March 7th, 1883 (Acts 1883, p. 148), which is an act to provide for the taxation of dogs, to regulate matters connected therewith, providing penalties for a violation of its provisions, and repealing the act upon the same subject, approved April 13th, 1881. R. S. 1881, section 2647, *et seq.*

A reversal of the judgment is asked upon two grounds. The first is that the trial court erred in not allowing appellant to prove the value of the dog. The second is that the evidence does not show malice on the part of appellant.

There is no controversy about the fact that appellant shot and killed the dog. The theory of his counsel seems to be that he had a right to kill it, because it was upon his premises, and hence off those of its owner. The act of 1852 (R. S. 1881, section 2646) provided as follows: "If the owner of any dog which is in the habit of running from home and wandering about without the presence of its owner, shall neglect or refuse to confine such dog, after due notice given of its wandering habits, it shall be lawful for any person to kill such dog whenever it may be found running about, off the premises and away from the presence of its owner."

The act of 1881 provided that township trustees should furnish to the owners of dogs metallic tags, which the owners should attach to collars to be worn by the dogs. It was the duty of constables, and lawful for any person, to kill any dog running at large without such collar and tag. On the other hand, it was provided that any person who should maliciously injure or kill any dog which had been duly registered, and was wearing such metallic tag, should be guilty of a misde-

meanor, and fined. There was a proviso, that in all cases, where such dogs were injured or killed while off the premises of their owners, and engaged in committing damage to the property of any other person than that of the owner of such dogs, they might be lawfully killed. R. S. 1881, section 2648, *et seq.*

The act repealed all laws providing for the taxation of dogs, and all laws, or parts of laws, in conflict with its provisions. Acts 1881, p. 397.

So far as the above section in the act of 1852 allowed the killing of all dogs found off the premises of their owners, it must be deemed to have been repealed by the act of 1881, which permitted the killing of dogs wearing the regulation tags only when off the premises of their owners, and engaged in committing damage to the property of persons other than the owners of such dogs.

The act of 1883 dispenses with the tags provided by the act of 1881, and provides for the listing of dogs for taxation. This act provides that any person who shall mischievously or maliciously injure or kill any dog that has been duly listed for taxation, shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not exceeding $200, to which may be added imprisonment in the county jail for any term not exceeding thirty days. Acts 1883, p. 149, section 5. There is a proviso in this section, that if dogs are injured or killed while engaged in committing damage to the property of persons other than the owners of such dogs, or are known to be dogs that will kill or maim sheep, the provisions of the section shall not apply. Under this act, a dog listed for taxation can not be lawfully killed except while engaged in committing damage to the property of others than its owner, or is known to be a dog that will kill or maim sheep. The repeal of the act of 1881 by the act of 1883 did not revive the above section of the act of 1852, so far as it had been repealed (see R. S. 1881, section 248), and if it had, such revivification would not avail ap-

pellant, because the act of 1883 is equally in conflict with the act of 1852. Here, there is no controversy about the fact that the dog was properly listed as required by the act of 1883, and the evidence utterly fails to show that when killed it was engaged in committing damage to the property of any one. Nor is there any evidence that the dog was known to be a dog that would kill or maim sheep. There is nothing in the evidence that justifies, or tends to justify, the killing by appellant. The court found that the killing was mischievously and maliciously done. Upon the evidence, that appellant and the prosecuting witness had been engaged in a litigation and entertained hostile feelings toward each other, taken in connection with all the evidence in the case, this court can not, without violating well established rules, overthrow the decision and judgment below, upon the weight of the evidence.

To the contention of appellant that the court below erred in not allowing him to prove the value of the dog, there are two conclusive answers: First. In behalf of the State, there was an offer to prove that the dog was worth $50. This was objected to by appellant, and the court excluded the evidence. As a part of his defence, appellant offered to prove that the dog was worth $50, and again the evidence was excluded by the court.

It is settled by the adjudications of this court, that a party can not make available, for the reversal of a judgment, the exclusion of evidence, where, upon his objection, like evidence was excluded when offered by the other party. *Hinton* v. *Whittaker*, 101 Ind. 344; *Meranda* v. *Spurlin*, 100 Ind. 380; *Lowe* v. *Ryan*, 94 Ind. 450. Second. It is not material, under the statute upon which this prosecution is based, what the value of the dog may have been, or that he was of any value.

We are cited by counsel for appellant to the case of *Harness* v. *State*, 27 Ind. 425, where it was held that the damage occasioned by the injury complained of must be stated in the

information. That case is in point, for two reasons: First. Because the prosecution was under another and different statute; and, Second. Because it was held that damage done, and not the value of the animal, was the important thing. This disposes of the questions made by counsel for appellant, and as we find no error in the record, the judgment is affirmed, with costs.

Filed Sept. 22, 1885.