VANTREESE *v.* McGEE.

[No. 3,420.    Filed April 23, 1901.]

REPLEVIN.—*Animals.*—*Body of Dead Dog.*—An action will lie under §1286 Burns 1894 to replevin the body of a dead dog.

From the Decatur Circuit Court. *Reversed.*

*M. C. Jenkins,* for appellant.

*H. C. Skillman, B. F. Bennett* and *T. E. Davidson,* for appellee.

COMSTOCK, J.—Appellant recovered judgment before a justice of the peace, from which appellee, who was the de-

fendant below, appealed to the circuit court. In the trial court appellee's demurrer to an amended complaint was sustained. The complaint is in replevin and seeks to recover the body of a dead dog. Whether it states facts sufficient to constitute a cause of action is the only question presented by this appeal.

The wrongful taking and detention of the property are charged. The allegations as to value are as follows: "That said body was, at the time of said unlawful taking and detention, and at the time of the beginning of this action, of the value of $2, in this to wit, that the hide is of the value of $1; that the carcass exclusive of the hide is of the value of $1 for fertilizing purposes; that said body was not taken by any execution or other writ against plaintiff. That said dog had long been in plaintiff's family, the members of which were very much attached to it, and desired the possession of the body of said dog that they might give it a burial on their own farm, in accordance with the affection in which they held it as a useful house dog and pet."

The action was brought under §1286 Burns 1894, which provides that "when any personal goods are wrongfully taken or unlawfully detained from the owner, or any person claiming possession thereof   *   *   *   the owner may bring an action for the possession thereof."

The courts in this and in other states in numerous decisions have held that dogs are property. State v. Sumner, 2 Ind. 377; Harness v. State, 27 Ind. 425; Kinsman v. State, 77 Ind. 132; Sosat v. State, 2 Ind. App. 586. See, also, Graham v. Smith (Ga.), 40 L. R. A. 503, and notes, where may be found collected a long list of reported cases.

The action of replevin lies for every species of personal property animate or inanimate. 6 Waite Ac. & Def. 128-155. Cobbey on Replevin, §69.

Replevin lies for the recovery of specific personal property. The condition of the property is not material.

The position of the learned counsel for appellee is "that

the action will not lie after the death or destruction of a chattel." It is not claimed that the complaint is wanting in any averment necessary to make it good with reference to property for the recovery of which the action would lie, but that the action will not lie for the possession of a dead animal. The demurrer admits the property in appellant, its value and wrongful taking. So that unless it is conceded that the owner of an animal loses all dominion over its remains when dead, or that he can be deprived of his right or interest therein by the unauthorized acts of another person, the complaint must be held good. It can not be reasonably maintained that the owner of such property by the mere fact of its death loses title to whatever of value remains in the body. The change of form does not deprive the owner of title to or right of possession to property. Whenever it can be identified, replevin may be sustained.

"When the suit is brought for property which has undergone a change of form, the writ and proceeding should describe it in the form in which it exists at the time when the suit is begun." Wells on Replevin, §222.

In *Harness* v. *State*, 27 Ind. 425, the court say: "As a matter of law, we can not know that the dog was of no value after he was killed; at least, it is a fact that can not be left to inference. Some animals are of as much value after they are killed as before." The value of the property claimed is not left to inference, but is duly averred.

We are cited to *Caldwell* v. *Fenwick*, 2 Dana (Ky.) 333; *Lindsey* v. *Perry*, 1 Ala. 203; *Burr* v. *Daugherty*, 21 Ark. 559, in support of the ruling of the trial court. *Caldwell* v. *Fenwick, supra,* was an action in *detinue* for two slaves, one of them, as proved on the trial of the general issue, being dead before the institution of the suit. The court held that the action could not be maintained on account of the dead slave. In the course of the opinion, the court say: "The thing sued for has to be so specifically described in the writ, declaration, judgment and execution * * *. The ac-

tion is not adapted to the recovery alone of the value of a thing detained; nor can it be maintained therefor. The alternate judgment, for the value, is but a mere incident to the judgment for the thing; nor can it be rightfully rendered, except where there is a judgment for the thing, for which it can result as an incident or consequence. It would seem, therefore, to be an indispensable requisite, that there should be a thing sued for. A demand for a dead slave does not fulfil this requirement. It is not a thing of estimation, or value, such as the law requires to constitute the basis of an action." The action was instituted for no other purpose as to the dead slave than to recover for loss of property. The recovery was sought as though the slave were alive.

*Lindsey* v. *Perry, supra,* was in *detinue* to recover an ox. The ox had been killed and disposed of, but there was a conflict in the testimony as to whether the sale was before or after the killing, the opinion holding that the object of the writ was to recover the article in specie. Where this is impossible at the time the action is brought, so that the object of the writ cannot be accomplished, the action will not lie. In the case at bar, the specific thing was by virtue of the writ taken and delivered to appellant.

*Burr* v. *Daugherty,* 21 Ark. 559, cites *Lindsey* v. *Perry,* 1 Ala. 203, and *Caldwell* v. *Fenwick,* 2 Dana (Ky.) 333, quoting liberally from the opinions in both cases. It was an action to replevin salt stored with a warehouseman. A portion of the salt had been destroyed before the commencement of the suit. The court held that replevin in the *detinue* could not be maintained as to the portion which had been destroyed. In other words, that the recovery must be sought in specie, and where it did not exist the action would not lie. The property sought to be recovered in this cause existed in tangible form at the commencement of this action.

The judgment is reversed, with instructions to the trial court to overrule the demurrer to the amended complaint.