## Collins *v.* Frost.

PLEADING.— *Combining Two Written Instruments in one Paragraph.— Evidence.—Practice.—Jury Consulting Written Evidence.—Instructions to Jury.*— In an action against the widow and only heir of a deceased intestate, to foreclose a mortgage upon land, executed by such intestate in his lifetime to secure the payment of certain promissory notes executed by him to the plaintiff, there was no error in combining such notes and mortgage all in one paragraph of complaint. And, there being no answer of denial, there was no available error in admitting such notes in evidence on the trial of such cause, and permitting the jury to take them to their private room whilst they deliberated on their verdict. And, in such case, no evidence having been introduced by the defendant, there was no error in instructing the jury to find for the plaintiff the amount of the principal and interest due on such notes.

PRACTICE.—*Continuance.*—An affidavit for the continuance of a cause, on account of the absence of evidence, must show such evidence to be material, and the use of due diligence to procure the same.

Collins v. Frost.

SAME.—The refusal of a court to grant time to prepare and file an affidavit for the continuance of a cause pending for trial, on account of the absence of a witness, is a matter in the discretion of such court.

SAME.—*Change of Venue.*—A party to an action is not entitled to more than one change of the venue of such cause.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle*, for appellant.

*G. G. Reily* and *W. C. Johnson*, for appellee.

BIDDLE, J.—Complaint by John Frost against Mary A. Collins, to foreclose the equity of redemption in a mortgage on certain lands, given to secure two promissory notes made by Joseph Collins, her husband, since deceased.

Demurrer to complaint for want of sufficient facts overruled. Answer:—

1. Payment;

2. Want of consideration;

3. Want of consideration except as to fifty dollars.

Separate demurrers to second and third paragraphs of answer for want of sufficient facts overruled.

Trial by jury; finding for the amount due on the notes; motion for a new trial; overruled; judgment of foreclosure and sale of the lands to pay the amount. Exception was taken by the appellant to each ruling of the court.

1. The appellant makes many objections to the complaint, none of which, it seems to us, are valid. The complaint is in the usual form, with the notes and mortgage as exhibits, averring that Joseph Collins died intestate, leaving the appellant as his widow and only heir. It is alleged against the complaint that both notes are joined in one paragraph. The action is brought to foreclose the mortgage, not to recover judgment on the notes.

2. The refusal of the court to grant a continuance, on the affidavit of appellant, to obtain certain papers of guardianship. No useful connection of such papers with the case is shown, nor does it appear that proper diligence to obtain them was used.

3. The refusal to grant a change ·of venue. One

Collins *v.* Frost.

change had already been granted to the appellant. The same party is entitled to but one. So is the statute, and so it has been frequently decided.

4. The refusal to grant time to file another affidavit for continuance on account of the absence of the witness Nugent. It is plain that there had been abundant time to prepare such an affidavit. Besides, it is matter of discretion, which can not be revised by this court, unless plainly abused. Again, it is not shown in the bill of exceptions what, if anything, could have been proved by the witness.

5. Admitting the notes in evidence. The notes were exhibits with the complaint. There was no answer in denial. It was not necessary to put them in evidence at all. It can not therefore be error to admit them.

6. That the court instructed the jury " that they should find for the plaintiff the principal and interest due on said notes." There was no error in this. The appellant's answer admitted the notes. No evidence had been introduced by the appellant. There was nothing left to do but to find the amount.

7. Permitting the jury to take the notes to their private room to consider of their verdict. This was perfectly harmless. The notes had been admitted, all except their amount.

8. Excessive damages. It is very clearly shown by calculation that the damages are not excessive.

These are all the points made on behalf of the appellant. There is no substance in either of them. We are constrained to say that the appeal is without merit.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.