Leary v. Ebert et al.

## LEARY v. EBERT ET AL.

VENUE, CHANGE OF.—*Change from Judge, and also from County, may be Taken.*—A party to an action is not precluded from taking a change from the judge before whom the cause is pending by the fact that he has already obtained a change of venue from the county.

From the Hendricks Circuit Court.

*C. P. Jacobs* and *E. H. Terrell,* for appellant.

*E. H. Lamme,* for appellees.

WORDEN, J.—This was an action by the appellees, against the appellant, to foreclose a mechanic's lien.

The action was brought in the Marion Superior Court, and the cause was sent by change of venue, on the application of the appellant, to the Hendricks Circuit Court for trial.

In the latter court, the appellant, in a proper affidavit, moved for a change from the judge, owing to alleged bias and prejudice of the judge of that court against him, but his motion was overruled, and he excepted.

Such further proceedings were had, as that judgment was rendered for the plaintiff.

Error is assigned upon the overruling of the motion for a change from the judge, and this is the only error which we need to consider in the cause.

We suppose the motion was overruled, because the appellant had already taken a change of venue from the county in which the action was brought.

The statute provides for a change of venue from the county in the following cases:

Where the opposite party has an undue influence over the citizens of the county, or an odium attaches to the applicant or to his cause of action or defence, on account of local prejudice; or,

Where the county is a party to the suit; or,

Where it is shown to the court that the convenience

of witnesses and the ends of justice will be promoted by the change.

. In such cases, the cause is to be sent to some other county for trial.

The statute also provides for a change of venue in the following cases, though the term " change of venue" is somewhat inaptly applied to them, inasmuch as there is to be no change of the venue at all:

Where the judge has been engaged as counsel in the cause prior to his election or appointment as judge, or is otherwise interested in the cause; or,

Where the judge is of kin to either party; or,

Where the judge of the court, wherein such action is pending, is a material witness for the party applying for such change; or,

When either party shall make and file an affidavit of the bias, prejudice or interest of the judge, before whom the said cause is pending, the said court shall grant a change of venue.

In the latter class of cases, the cause is not sent from the county to be tried, but another judge or lawyer is to be called to try the cause. 2 R. S. 1876, p. 116, secs. 207 and 208, and act of 1875, p. 120. See, also, later statute, Acts 1877, Reg. Sess., p. 28.

The statute, last clause of section 208, above cited, provides, that " Only one change of venue shall be granted to the same party."

Looking only to the letter of the statute, it would seem that one change only could be granted to the same party, inasmuch as the Legislature has characterized the change, in each class of cases, as a change of venue. But we are not inclined to adopt this strict construction of the statute. In looking at the spirit and purpose of the statute, we are satisfied, that the Legislature did not intend such results as would follow from such construction. The purpose of the statute was, to secure to litigants the benefit of an impartial jury for the trial of their

causes; hence the provisions for a change of venue from the county. It was also the intention of the statute to secure to litigants a disinterested and impartial judge, before whom their causes are to be tried; hence the provisions for a change of judges. We are satisfied, that the Legislature did not intend, because a party has taken a change of venue from the county, that he should be compelled to try his cause before an interested, biased or prejudiced judge.

We are of opinion, that the provision restricting the number of changes by a party was intended to prevent him from taking more than one change from the county, or more than one from the judge, but not to prevent him from taking one from the county and one from the judge. In other words, the provision was intended to restrict a party to one change of the same class.

We are of opinion, therefore, that the court erred in overruling the appellant's application for a change of judges. The case of *Collins* v. *Frost*, 54 Ind. 242, is not, on its face, in conflict with this opinion; for, in that case, it does not appear that one application was for a change from the county and the other from the judge.

The judgment below is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.