## Hutts v. Hutts.

VENUE, CHANGE FROM COUNTY.—*Each Party Entitled to but one Change.*—But one change of the venue of a cause, from the county where it is pending, can be obtained by the same party.

SAME.—*Change from Circuit.—Statute Construed.—Libel.*—The act of March 8th, 1867, 2 R. S. 1876, p. 117, in relation to changes of venue from the judicial circuit, in an action for libel, etc., must be construed *in pari materia* with sections 207 and 208 of the practice act.

PRACTICE.—*Cross-Examination.—Impeaching Party.—Evidence.*—It is proper on cross-examination of a witness who has testified to the good reputation of a party to the action, to ask such witness whether he had not heard neighbors of such party testify, in a previous action against such party, that his reputation was bad.

From the Montgomery Circuit Court.

*G. Mc Williams, J. Ristine* and *J. McCabe*, for appellant.
*W. A. Tipton* and *S. F. Wood*, for appellee.

HOWK, C. J.—This was a suit by the appellee, as plaintiff, against the appellant, as defendant, commenced in the Fountain Circuit Court, to recover damages for the publication of an alleged libel.

The appellee's complaint was in three paragraphs, and each paragraph counted upon the publication by the appellant of the following notice, to wit:

## "NOTICE OF EMALINE HICKS."

"I do certify that Giles W. Hutts did, on about the 15th day of January, 1873, buy poison and gave to his mother, Judith Hutts, and she gave the poison to Michael Hutts and killed him, and Giles W. Hutts stole his money after his death, and robbed his money trunk, and then offered to divide the money with me if I would keep it a secret, and I would not take it. I want this published in the *Friend*.

(Signed,)
"EMALINE $\times$ HICKS."
her
mark.

In the first paragraph of his complaint the appellee alleged, in substance, that the appellant, on the 7th day of April, 1875, published in a newspaper called *Spence's People's Paper*, printed and published in the town of Covington, Fountain county, Indiana, of and concerning the appellee, the following false and malicious libel, to wit: (setting out a copy of the above notice) ; whereby and by reason of said publication the appellee was damaged to the amount of ten thousand dollars, for which he demanded judgment, etc.

In the second paragraph of his complaint the appellee alleged, in substance, that the appellant, with the intent to impair and destroy the good name, fame and reputation of the appellee among his neighbors and acquaintances,

and for the purpose of bringing obloquy and disgrace to the appellee, and to his good name and reputation, conspired and combined with one Emaline Hicks, and procured and caused her, the said Emaline Hicks, on the 7th day of April, 1875, to publish in a newspaper called *Spence's People's Paper*, of and concerning the appellee, the following false and malicious libel, to wit : (setting out a copy of said notice) ; whereby the appellee said that he was damaged in the sum of ten thousand dollars, for which he demanded judgment.

In the third paragraph of his complaint the appellee alleged, in substance, that the appellant, together with one Emaline Hicks, conspiring, combining and confederating together for the purpose of injuring and destroying the good name, fame and reputation of the appellee among his neighbors and acquaintances, and for the purpose of bringing obloquy and disgrace to the appellee and his good name and reputation, on the 7th day of April, 1875, published in a newspaper called *Spence's People's Paper*, of the appellee, the following false and malicious libel, to wit : (setting out a copy of said notice) ; whereby the appellee was damaged in the sum of ten thousand dollars, for which he demanded judgment, etc.

The appellant demurred to each paragraph of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled, and to each of these decisions the appellant excepted. The appellant then answered the complaint by a general denial thereof.

On the appellant's application, the venue of the action was changed to the Warren Circuit Court. Afterward, in said last named court, on the appellee's application, the venue of the action was changed therefrom to the court below.

In this latter court, upon his affidavit filed, the appellant

moved said court to change the venue of this action from the 22d Judicial Circuit, composed of Montgomery and Parke counties, which motion was overruled, and to this decision he excepted.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of three thousand dollars. The appellant moved the court for a new trial, which motion was overruled, and he excepted to this decision. He also moved the court in arrest of judgment, which motion was also overruled, and to this ruling he excepted. The court then rendered judgment on the verdict, from which judgment this appeal is now prosecuted.

In this court, the following alleged errors have been properly assigned by the appellant :

1.  The overruling of his demurrers to the several paragraphs of the appellee's complaint;

2.  The overruling of his motion for a new trial.

The appellant's counsel have not pressed upon our consideration, with much zeal or earnestness, any objections to the sufficiency of the complaint, or any paragraph thereof. They do not assert, nor even suggest, that the written or printed notice, signed "Emaline $\overset{\text{her}}{\times}$ Hicks," and set out in each paragraph of the complaint, was not libellous; but they suggest, rather than assert, that it was not alleged, with sufficient clearness and precision, in either of the paragraphs of the complaint, that the appellant published the libellous article or notice. It seems to us that neither of the paragraphs is open to this objection ; and therefore we hold that the court did not err in overruling the appellant's demurrers to the several paragraphs of the appellee's complaint.

The important questions for our decision, in this case, arise under the second alleged error—the overruling of

the appellant's motion for a new trial. In this motion the following causes for such new trial were assigned by the appellant:

1. In overruling the appellant's demurrer to appellee's complaint;

2. In overruling the appellant's motion to change the venue of this action from the 22d Judicial Circuit, composed of the counties of Montgomery and Parke, on account of the bias, prejudice and excitement of the citizens of said circuit, which would prevent a fair and impartial trial;

. 3. That the verdict of the jury was contrary to law;

4 That the verdict of the jury was contrary to the evidence;

5. That the verdict was not sustained by sufficient evidence;

6. That the damages assessed by the jury were excessive;

7. Error of the court in excluding evidence offered by the appellant in mitigation, to wit: A transcript of a. judgment obtained by the appellee against the appellant,. for slander, in the Fountain Circuit Court;

8. Error of the court in overruling the appellant's objection to the introduction of the evidence of certain named witnesses, that they had heard various witnesses testify, on a trial between said parties in the Fountain Circuit Court, and in the Vermillion Circuit Court, that the appellant's character for truth and veracity was bad.

We will consider and decide the various questions arising under these causes for a new trial, in the same order in which the appellant's counsel have presented them. The first question, thus presented, is the alleged error of the court below, in overruling the appellant's motion to change the venue of this action from the 22d Judicial Circuit, composed of the counties of Montgomery and Parke. It will

be seen from our statement of this case, that the suit was commenced in the Fountain Circuit Court; that in that court, upon the appellant's application, the venue of the action was changed to Warren Circuit Court; and that in the latter court, upon the appellee's application, the venue of the cause was again changed, to the court below. It is clear, we think, that these two changes of venue exhausted the right of either party to any further change of the venue of this action from the county, under the provisions of sections 207 and 208 of the practice act, 2 R. S. 1876, p. 116, *et seq.* By the last clause of said section 208 it is provided, that " only one change of venue shall be granted to the same party." It is claimed, however, by the appellant's counsel, that the appellant was entitled of right to a change of the venue of this cause, from the judicial circuit in which the cause was pending, notwithstanding the fact that one change of venue, from the county had been already granted to him. The appellant's application for this change of venue from the judicial circuit shows, upon its face, that it was made under the provisions of an act entitled " An act to authorize and provide for changes of venue in civil actions in certain cases," approved March 8th, 1867. Acts 1867, p. 221; 2 R. S. 1876, p. 117, note 1. The application was made upon the appellant's affidavit to the effect that he could not safely go into a trial of said cause in the 22d Judicial Circuit, composed of the counties of Parke and Montgomery, for the reason that the bias, prejudice and excitement of the citizens of the said judicial circuit would prevent and hinder a fair and impartial trial of said cause. In the 1st section of the act last referred to, it is provided, " That the court in term, or the judge in vacation, shall change the venue of any civil action brought for false imprisonment, malicious prosecution, assault and battery, libel or slander, from the judicial circuit or district in which the same is pending, to the

nearest county in an adjoining circuit or district (or to a
county in such adjoining circuit or district that the parties
to such action may agree upon), upon the application of
either party, made upon affidavit, showing one or more "
of the causes, specified in said section ; among which
causes was the cause set out in the appellant's affidavit in.
this case.

It is very clear, we think, that the provisions of this act
of March 8th, 1867, must be regarded as *in pari materia*
with the provisions of sections 207, 208 and 209 of the prac-
tice act, in relation to changes of venue, and that the pro-
visions of both acts on that subject must be construed to-
gether. By this construction we arrive at the conclusion
that a party to a civil action can have but one change of
venue from the county in which the suit was commenced
or is pending at the time his application for such change
is made.

In the class of cases mentioned in the act of March 8th,
1867, the party may make his application for a change,
either from the county or from the circuit, as he may
choose and may think the facts will warrant ; but he can-
not, after obtaining one of such changes, afterward obtain
the other.

This construction of the latter act is fully sustained, we
think, by section 4 of that act, which provides, that, in the
particular cases therein mentioned, to wit, cases then pend-
ing, the fact that the party had already obtained one
change of venue, under the provisions of the code, should
not prejudice his right to take another change of venue
under the provisions of said act. The fact that such
" right to take another change of venue," after having
taken a change of venue under the provisions of the code,
was specially saved and reserved by said act of March 8th,
1867, to actions then pending, and none other, shows very
conclusively to our minds, that it was not the legislative in-

tent and purpose to enlarge the right of a party, even in the class of cases mentioned in said act, to more than one change of venue in actions which, like the one at bar, were not pending at, but were commenced after, the passage of said act. In our opinion, therefore, the appellant's application to change the venue of this action from the judicial circuit, after he had already been granted one change of venue from the county, was properly overruled.

It may not be improper for us to remark in this connection, that the change of judge, which is provided for in the sections before cited of the practice act, and which is often termed a change of venue from the judge, is not, strictly speaking, a change of venue. The phrase, " change of venue," *ex vi termini*, imports a change of county in its ordinary legal acceptation.

It has been held by this court, in construing the provisions of the code in relation to this subject, that the fact that a change of venue has been granted to a party from the county, would not prevent the same party from also obtaining a change of judge, and *vice versa*. *Shriver* v. *Bowen*, 57 Ind. 266, and *Leary* v. *Ebert*, 57 Ind. 415.

In the case lase last cited, WORDEN, J., in delivering the opinion of the court, thus states the reasons for this construction of the statute :

" The purpose of the statute was, to secure to litigants the benefit of an impartial jury for the trial of their causes; hence the provisions for a change of venue from the county It was also the intention of the statute to secure to litigants a disinterested and impartial judge, before whom their causes are to be tried ; hence the provisions for a change of judges.     *     *     *     *     *     *     *

" We are of opinion that the provision restricting the number of changes by a party was intended to prevent him from taking more than one change from the county,

or more than one from the judge, but not to prevent him from taking one from the county and one from the judge."

The views thus expressed are strictly in harmony, we think, with the conclusion we have reached in construing together the provisions of the code and of the act of March 8th, 1867, in relation to changes of venue. In any of the cases mentioned in the later act, a party thereto may have a change of venue at his option, either from the county or from the judicial circuit. Either one of these changes is granted and taken upon the theory at least, that the party is entitled thereto that he may have "the benefit of an impartial trial" of the cause, and having elected either one of these changes to that end, he can not afterward obtain the other of said changes for the same purpose.

The appellant's counsel insist, in argument, that the circuit court erred in the admission of certain evidence, over the appellant's objections. It appears from a bill of exceptions, which is properly in the record, that on the trial of this action the appellant introduced certain named witnesses, for the purpose of proving that his character for truth and veracity was good, and after they had so testified that it was good, the court, over the appellant's objections, permitted the appellee to ask said witnesses, on cross-examination, if each of them had not heard various witnesses, neighbors of the appellant, testify on a certain trial between said parties, at Covington, Indiana, in March, 1873, in the Fountain Circuit Court, and on a trial between said parties, in the Vermillion Circuit Court, in September, 1875, at Newport, Indiana, that the appellant's character for truth and veracity was bad.

We will briefly notice the objections of the appellant's counsel, as they are presented in their briefs, to the introduction of the evidence complained of. First, it is said, that the question propounded to the different witnesses, which elicited

this evidence, was not proper cross-examination. We think it was proper. Each of the witnesses had been called by the appellant to testify as to his general character; or reputation rather, for truth and veracity, and had testified that it was good. The character or reputation, of which the witnesses testified, was the general opinion, as they had heard it expressed, of the neighbors of the appellant as to his truth and veracity. On the cross-examination of the witnesses, who had testified for the appellant that his character for truth and veracity was good, it was competent for the appellee, we think, for the purpose of showing the jury the proper weight and value of the evidence of these witnesses, and their probable bias in the appellant's favor, to inquire of each of said witnesses, if he had not, at certain times and places, in certain trials then and there had between the said parties, heard various witnesses, neighbors of the appellant, testify that his character for truth and veracity was bad. The statements of the appellant's neighbors as to his truth and veracity went to make his character or reputation, in that regard; and the fact that those statements were made under oath, while it might not add to, would certainly not detract from, their weight or value as evidence. In answer to the other objections of counsel to this evidence, it is enough to say, we think, that the question propounded by the appellee to the various witnesses was right and proper on cross-examination.

The only other point which the appellant's counsel have earnestly and elaborately discussed in this court is the alleged insufficiency of the evidence to sustain the verdict. We have carefully read and considered all the evidence in the record; and we think that it fairly sustains the verdict of the jury.

It is earnestly insisted that the evidence fails to show that the appellant was a party to the publication of the alleged libel. On this point, the evidence was

not positive and direct; but we think that it tended strongly to establish certain facts, from which the jury might fairly and reasonably infer that the publication of the alleged libel was authorized, directed and paid for by the appellant. We cannot, therefore, upon the evidence, disturb the verdict of the jury.

In conclusion, we hold that the court did not err in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.