### LINE, ADMINISTRATRIX, *v.* BLIZZARD ET UX.

DURESS.—*Mortgage by Wife, Executed under Husband's Threat of Abandonment.*—A mortgage executed by a wife, on her separate property, to secure the separate debt of her husband, under threat by him to abandon her if she do not, may be avoided by her on the ground of duress, if the mortgagee be aware of such threat at the time of the execution of the mortgage.

From the Boone Circuit Court.

*I. Van Devanter* and *J. W. Lacey*, for appellant.

*J. L. Pierce* and ⸺ *Neal*, for appellees.

SCOTT, J.—Suit on two notes, and to foreclose a mortgage, by the appellant, against the appellees. The notes and mortgage were originally executed by the appellees, John W. Blizzard and his wife, Margaret E. Blizzard, to Line, Poundstone & Co., and by them assigned to the plaintiff's decedent. John W. Blizzard was defaulted, and Marga-

ret filed her separate answer, in which she alleged that the property described in the mortgage was her separate property, and that the execution of the mortgage was obtained by duress.

There was a demurrer to the answer, for want of sufficient facts, which was overruled, and exception taken to the ruling of the court. Reply, the general denial. Trial by jury; verdict for defendant Margaret, and judgment on the verdict. Motion for a new trial overruled, and exception.

The errors assigned are the overruling of the demurrer to the answer, and the overruling of the motion for a new trial. The answer was as follows:

"Comes now Margaret E. Blizzard, one of the defendants in the above entitled cause, and for her separate answer to plaintiff's complaint herein, says, that she admits the execution of the notes and mortgage sued on in plaintiff's complaint, but says that said notes were given for the separate debt of her husband; that, at the time of the execution of said mortgage, she was a married woman, the wife of her codefendant, John W. Blizzard; that she still is his wife and residing with him; that the execution of said notes and mortgage aforesaid was not her free and voluntary act and deed; that Line, Poundstone & Co., to whom said notes and mortgage were executed, fraudulently and corruptly aided by her codefendant, John W. Blizzard, to procure defendant to sign said notes and mortgage; th, said payees and said John W. Blizzard labored for three months to persuade this defendant to sign said notes and mortgage; that, notwithstanding all their persuasions and entreaties, this defendant steadily refused to execute said notes and mortgage as aforesaid; that the real estate described in said mortgage is this defendant's separate property; that the decedent, whom the plaintiff represents in her fiduciary capacity, well knew all these facts at the time he procured the assignment of these notes and

mortgage to himself from Line, Poundstone & Co. And she further avers that her husband and codefendant caused this defendant to sign and execute the mortgage by threatening to abandon her with three small children; if she did not execute said notes and mortgage, and destroy her peace and happiness; that he continually kept up these threats until she yielded, as aforesaid; that the said Fergus A. Line, deceased, as aforesaid, well knew these facts at the time he so procured said assignment as aforesaid. Wherefore," etc.

" Any agreement made under improper pressure is voidable." Add. Con. 314. The threat of a husband to abandon his wife if she does not execute a mortgage on her separate real estate to secure his debt is an improper pressure; and a mortgage executed by a wife, under such a threat, may be avoided by her, if the threat induced the execution of the mortgage, and was made with the knowledge and consent of the mortgagee, or if the mortgagee knew at the time of the execution of the mortgage that such mortgage was executed by reason of such threat of the husband. There is no allegation in the answer, showing that Line, Poundstone & Co. in any way participated in the duress complained of, or that they knew of any such threat having been made, to induce the appellee Margaret to execute such mortgage.

We are of opinion that the answer was insufficient, and the demurrer should have been sustained.

The judgment is reversed, with costs; cause remanded, with instructions to the circuit court to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.