No. 8686.

WRIGHT v. THE BOARD OF COMMISSIONERS OF THE
COUNTY OF TIPTON.

REPEAL OF STATUTE.—*Conflict of Laws.*—*Construction.*—The law does not favor the repeal of statutes by implication, and where two statutes are enacted upon the same subject by the Legislature at the same session, they should be construed together if possible ; but, when they are irreconcilable, then the later supersedes the former, though they were both intended to take effect at the same time.

SAME.—*Fees and Salaries.*—*County Auditor.*—*Drainage.*—Section 16 of the act of 1875, 1 R. S. 1876, p. 433, concerning drainage, so far as it relates to the fees of the county auditor, was repealed by implication by the 11th section of the later act of the same year, concerning fees and salaries, 1 R. S. 1876, p. 467.

From the Tipton Circuit Court.

*R. Vaile, J. F. Vaile* and *J. W. Robinson,* for appellant.
*R. B. Beauchamp* and *G. H. Gifford,* for appellee.

FRANKLIN, C.—This action consists of a claim for services rendered under the drainage law of 1875, by appellant as county auditor of Tipton county.

The services were rendered in connection with the construction of a number of ditches in said county, the aggregate fees claimed for which amount to the sum of $594.19.

The claim was disallowed by the county board of commissioners ; an appeal was taken to the circuit court, where a demurrer was sustained to the cause of action ; plaintiff excepted, declined to amend, and judgment was rendered on the demurrer for appellee.

The error assigned is the sustaining of the demurrer to the cause of action.

There is no objection made to the form of the cause of action, the rendition of the services, or the amount of fees charged. But the question presented is as to the liability of the county for the payment of the fees.

Appellant insists that the county is liable under the provisions of the 16th section of the drainage law of the State, approved March 9th, 1875, and appellee insists that it is not liable, according to the provisions of the fee and salary act, approved March 12th, 1875.

There is no emergency clause in either of these acts. They both took effect upon the same day by publication and distribution.

Appellant insists as both acts were passed by the same Legislature at the same session, and went into effect at the same time, they ought to be construed together as so many sections and parts of the same law; that statutes ought to be construed in relation to the time they take effect and not the time of their adoption. And in support of the last proposition, we have been referred to the case of *Evansville, etc., R. R. Co.* v. *Barbee*, 59 Ind. 592, and afterwards approved in *Evansville, etc., R. R. Co.* v. *Barbee*, 74 Ind. 169.

These decisions were upon the question as to within what time an appeal might be taken to this court, and grew out of the act of March 14th, 1877, limiting the time within which appeals might be taken to within one year as to causes thereafter tried, and to one year after the law took effect, as to causes theretofore tried, but not so as to extend the period beyond two years from the date of trial. In that case the trial was had May 14th, 1877; the law took effect July 2d, 1877; the appeal was taken June 27th, 1878, and this court held that it was within the time allowed by the statute,—that the time of the taking effect of the law should be construed to mean the time fixed by which to determine what trials had been had theretofore, and what thereafter.

In the opinion, in 59 Ind., upon the motion to dismiss, WORDEN, J., used the following language: "We think the law must be construed to speak from the time it took effect, as a will speaks from the time of the death of the testator; and that the words 'hereafter' and 'heretofore' have reference to that period of time."

This is doubtless a correct construction of that statute, but we do not think it applicable to the question under consideration; this is a question of conflict of statutes.

It is a correct doctrine that where two statutes are passed upon the same subject, by the same Legislature, at the same session, they should be construed together, and both allowed to stand if possible. The law does not favor repeals by implication; but where the statutes are in irreconcilable conflict with each other, then the later one approved supersedes the former; notwithstanding they both were intended to take effect and go into operation at the same time, the later must be regarded as the last expressed will of the Legislature, the same as the codicil of a will, although it takes effect the same time of the will, must be regarded as the last expressed will of the testator, and it supersedes any irreconcilable provision in the original will. *Indiana Central Canal Co.* v. *State*, 53 Ind. 575; *Hutts* v. *Hutts*, 62 Ind. 240.

The remaining enquiry is, as to whether there is an irreconcilable conflict between the two statutes. The 16th section of the drainage act, 1 R. S. 1876, p. 433, reads as follows: "The fees of the county auditor, treasurer, commissioners, viewers and reviewers, shall be the same as provided by law for like services in opening and establishing public highways, and shall be paid out of the general fund of the county." All other fees to be paid by the parties.

The 11th section of the fee and salary act, approved three days afterwards, 1 R. S. 1876, p. 471, reads as follows: "The auditor of each county shall be allowed the sum of fifteen hundred dollars per year for his services and no more, ex-

cept as provided in this act." It then provides for additional pay where the population of the county exceeds fifteen thousand, and that the salary be paid quarterly out of the county treasury.

The 12th section sets out a list of services for which the auditor may charge fees in addition to his salary. The fees embraced in this claim are not for such services as are embraced in that list. And the section concludes as follows: "For services rendered by the auditor in any matter litigated before the board of county commissioners, the same fees shall be taxed and collected by him as are allowed clerks for similar services, but no fees or charges for such services shall be charged against the county or paid out of the county treasury." The drainage law was drafted, considered, passed and approved under the theory of allowing the county auditor and other county officers fees for their services, and not a salary. When the salary law was afterwards passed, it provided for the salary paying for all services, except where fees were specifically authorized to be charged in addition to the salary, and even for such services the auditor was specifically prohibited from charging any fees against the county, or collecting any money from the county treasury therefor.

We think that these two statutory provisions in relation to the payment of such fees as are herein claimed by appellant, are in direct and irreconcilable conflict, and that the latter supersedes and repeals by implication the former; and that it was the intention of the Legislature in the passage of the fee and salary bill to allow the auditor fees for such services only as were specified, and that his salary should pay for all other services. The object of the salary part of the law was to cut off all extra and constructive fees, and fix a definite sum as a salary, except as was otherwise expressly provided for.

There was no error in sustaining the demurrer to the cause of action.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing

opinion, that the judgment of the court below be and the same is in all things affirmed, at appellant's costs.

WOODS, J., dissents.