No. 9336.

### BUCK ET AL. *v.* AXT.

MORTGAGE.—*Foreclosure of, Securing More than One Note.—Complaint.*—In an action to foreclose, it is proper to embrace in a single paragraph of complaint the mortgage and all the notes secured by it, and if a copy of one note only be given, the complaint may nevertheless be good upon demurrer.

SAME.—*Husband and Wife.—Duress.*—In an action to foreclose a mortgage against a husband and wife, it is not a good plea of duress by the wife, that she was induced to sign the mortgage by the threats of the mortgagee to pursue legal remedies against the husband (to collect the debt secured by the mortgage), and to sell them out of house and home.

Buck *et al. v.* Axt.

SAME. — *Consideration.*—*Pre-existing Debt.*—A mortgage to secure a pre-existing debt rests upon a sufficient consideration, both as to the debtor and as to his wife or any other who may have joined in making the mortgage.

SAME.—*Description.*—*Auditor's Sale.*—A description of land in a school fund mortgage as "the northeast part" of a specified tract, "containing ninety acres," is insufficient, and an auditor's sale made thereunder is invalid.

From the Lawrence Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers,* for appellants.

*W. R. Harrison* and *W. E. McCord,* for appellee.

WOODS, C. J.—Action by appellee against the appellants,. upon three promissory notes, and a mortgage made to secure their payment, and to set aside a sale of a part of the mortgaged premises theretofore made by the county auditor on a school fund mortgage.

The appellants assume that the complaint consists of three paragraphs, and claim that each paragraph is insufficient, because a copy of the note on which it is founded is not made a part of it.

We regard the complaint as containing but a single paragraph, and as the action is to foreclose the mortgage, it was proper to embrace the mortgage, and as many notes as there were secured by it, in a single paragraph. The notes all together evidence the mortgage debt, and when, in addition to a judgment for the debt, a foreclosure of the mortgage is also sought, the facts may be alleged in a single paragraph, which are necessary to complete relief. See *Collins* v. *Frost,* 54 Ind. 242.

The complaint in this cause contains three clauses, commencing as follows:

"1. Plaintiff Axt complains," etc. "2. That on," etc. "3. That on," etc.; each proceeding with allegations showing the execution of a promissory note which is described and shown to be due, and of which a copy is alleged to be

filed.    Following these clauses are averments showing the
execution of a mortgage " to secure the payment of said notes,"
and the facts on which the alleged invalidity of the auditor's
sale is predicated ; all followed with a prayer for the recovery of
the amount due on the note, foreclosure of the mortgage, etc.
There is given a copy of the mortgage and of a note cor-
responding with the one first described ; but, instead of the
other notes, the following statements :    " 2d. Note same as
above, payable in two yrs."    " 3d. Note same as above, paya-
ble in three yrs."

While we regard the complaint as consisting of a single
paragraph, it is good only in respect to the first note of which
a copy is given.    *Johnson School Tp.* v. *Citizens Bank, etc.,* 81
Ind. 515.    But, being good in this particular, the pleading
was not subject to demurrer.

The appellant Mrs. Buck, who, it is alleged, joined her hus-
band in the execution of the mortgage in suit, filed two spe-
cial pleas, to which the court sustained demurrers, and these
rulings are assigned and insisted upon as error.

In the first of these pleas it is alleged that her signature
was obtained by fraud and duress in this, that her husband
was largely involved, and consented to an arbitration with
his creditors, or some of them ; that the arbitrators concluded
that her husband owed the mortgagee Frazier $1,250, and
directed that he execute his notes and mortgage, his wife
joining, to secure the payment of the debt ; that she refused
to sign the mortgage, whereupon one Bennett, who had first
requested her signature, came to her a second time and told
her that she must sign, that he was the attorney and agent of
Frazier, and they did not intend to wait any longer ; that she
had to sign right then ; that if she did not sign, she would
see that they would sell her out of house and home, and
Frazier would prosecute her at once ; and being so restrained,
harassed and influenced, she did sign the mortgage, though
protesting at the time against the unlawful means used
against her.

The threats alleged were not such as to constitute duress. The evident meaning of the threats used was that Frazier would at once seek his legal remedies against her and her husband, and so sell them out of house and home; and if more than this was meant, the facts should have been alleged to show it. See *Richardson* v. *Hittle,* 31 Ind. 119; *Peckham* v. *Hendren,* 76 Ind. 47; *Reynolds* v. *Copeland,* 71 Ind. 422; *Line* v. *Blizzard,* 70 Ind. 23.

The second plea is to the effect that the notes and mortgage were made for the individual debt of her husband; that the notes were made on the 12th day of October, 1877, and that the mortgage was not executed by her until the 1st day of November, 1877, and that there was no consideration for the execution thereof by her.

· It may be observed, though it is perhaps not material, that it is not alleged when her husband executed the mortgage. A mortgage to secure a pre-existing debt rests upon a sufficient consideration, not only in respect to the debtor, but his wife or any other who may join in its execution. See *Hubble* v. *Wright,* 23 Ind. 322; *Ellis* v. *Kenyon,* 25 Ind. 134; *Philbrooks* v. *McEwen,* 29 Ind. 347.

The remaining question is whether the court erred in sustaining a demurrer for want of facts to the cross complaint of the appellants Louden and Miers, who were the purchasers at the alleged invalid sale made by the auditor, under the school fund mortgage. The exact question presented is whether the description of the land contained in the mortgage by which the sale was made is so uncertain as to render the mortgage, and the sale by virtue of it, void. The following is the description: "The northeast part of the southwest quarter of section 5," etc., "containing ninety acres."

Allowing that the statement of the number of acres constitutes a part of the description, it is still clear that the location and boundaries of the land can not be determined, and, while it may be that, as between the parties and those having notice when they acquired any interest in the land, the school

fund mortgage might be corrected, on a showing of what land was mutually intended to have been described, the court did not err in holding that the sale made by the description given was a nullity.

The right of the State to have its mortgage corrected the appellee conceded, and brought the amount due thereon into court, making it clear that the appellants have no standing upon which to predicate a claim for more.

Judgment affirmed.