Filed Nov. 19, 1884.

———◆———

No. 11,550.

## Lowell *v.* Gathright.

| 97 | 313 |
| 156 | 642 |

MALICIOUS TRESPASS.—*Killing Dog.*—*Complaint.*—In an action for maliciously and unlawfully killing a dog, while the act requiring dogs to wear a collar and metallic tag, R. S. 1881, sections 2647-2651, was in force, it is unnecessary to aver in the complaint that such dog was wearing such collar and tag.

SAME.—*Statute Construed.*—The provisions of said sections conferred no authority upon any person other than an officer to kill a dog without collar and tag, unless such dog was running at large.

INSTRUCTIONS.—*Exceptions.*—The action of the court in giving instructions presents no question unless an exception was saved.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellant.

*M. W. Bruner,* for appellee.

BEST, C.—This was an action of malicious trespass for killing a dog. It originated before a justice of the peace, where the appellee, who instituted the suit, recovered judgment. Upon appeal to the circuit court he again recovered judgment, from which this appeal has been taken. Several errors have been assigned. The first is that the complaint does not state facts sufficient to constitute a cause of action. It avers that the appellant, on the 14th day of December, 1882, unlawfully, maliciously and without right, shot and killed a spotted dog, the property of the appellee, of the value of $200, and to his damage in that sum. It will be observed that this act occurred while the statute requiring a dog to wear a collar with metallic tag was in force, and the objection made to the complaint is that it does not aver that this dog at the time was wearing such collar. This was wholly unnecessary. The averment that the dog was unlawfully killed was sufficient. The appellee was not required to negative the circumstances under which the appellant might lawfully kill the dog. This complaint was good, and the first assignment can not be sustained.

The next assignment is that the court erred in overruling the appellant's motion for judgment upon the special findings of the jury, notwithstanding the general verdict. The jury, in answer to an interrogatory, found that the dog, at the time he was killed, was not wearing a collar with tag attached, and the appellant insists that under these circumstances he was authorized to kill him notwithstanding the fact that he was not running at large. This position can not be maintained. The statute conferred no such authority upon any person other than an officer. The appellant was not an

officer, and as to other persons it provided that "It shall be deemed unlawful for any dog to run at large without collar and tag as provided in this act; and it shall be deemed lawful for any person to kill the same." This statute simply authorized a person, other than an officer, to kill a dog at large without collar and tag. If he were not at large, such person was not justified in killing him, though he was not wearing a collar and tag. The jury found that the dog when killed was not at large, and as the appellant, under these circumstances, had no right to kill him, the facts found did not control the general verdict, but were entirely consistent with it.

The next assignment is that the court erred in overruling the appellant's motion for a new trial. It embraces several reasons. The first one insisted upon is that the verdict is contrary to the evidence. The only disputed question of fact was whether the dog was running at large. We have examined the evidence and can not disturb the judgment upon this question of fact. The evidence justified, as we think, the conclusion of the jury.

The only other point made is that the instructions given were erroneous. The record fails to show that an exception was saved to them, and, under these circumstances, no question is presented by them. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

