Filed Feb. 25, 1891.

———◆———

No. 15,700.

## EVERSOLE v. CHASE, ASSIGNEE.

LABOR.—*Preferred Claim.*—*Assignment for Benefit of Creditors.*—*Act of March 3d, 1885, Unrepealed.*—The act of March 3d, 1885 (Acts 1885, p. 36), which provides that all debts due any persons for manual or mechanical labor shall be a preferred claim in all cases against any individual, co-partnership, etc., where the property shall pass into the hands of an assignee or receiver, was not repealed by the act of March 17th, 1885 (Acts 1885, p. 95), and is in full force.

From the Cass Circuit Court.

*D. D. Dykeman,* .*W. T. Wilson* and *G. C. Taber*, for appellant.

.*D. H. Chase*, for appellee.

OLDS, C. J.—As shown by the special finding of facts the appellant worked at mechanical and manual labor as an employee and journeyman repairer for the appellee's insolvent, who kept a jewelry store and did a general business of repairing watches, clocks and jewelry, in a store-room in Logansport; that he worked from July 6th, 1887, to July 6th, 1888, at the stipulated price of $35 per month, and from July 6th, 1888, to September 26th, 1889, at the stipulated price of $50 per month, at which latter date his employer, Henry C. Eversole, made an assignment of all his property for the benefit of his creditors to the appellee; that the appellee has taken possession of all of said insolvent's property, and as such assignee has converted all the machinery, tools, stock of materials, and work finished and unfinished into money, and now has in his hands funds arising from said sale more than sufficient to pay the appellant's claim in full.

The court found for the appellant that there was due to him $946.13 for his labor. As a conclusion of law from the facts found the court stated that appellant was entitled to judgment against the insolvent's estate for $946.13, and was only entitled to $50 of said sum as a preferred claim.

The appellant excepted to the conclusion of law stating that only $50 was a preferred claim, and moved the court to modify the judgment so as to make the whole amount a preferred claim, which motion was overruled and exceptions reserved.

As to whether or not the appellant's claim is all a preferred claim depends upon whether the statute, approved March 3d, 1885; Elliott's Supp., sections 1596, 1597 and 1598, is in force. Section 1598 of this statute provides that "All debts due any persons for manual or mechanical labor shall be a preferred claim in all cases against any individual, co-partnership, corporation or joint stock company, where the property thereof shall pass into the hands of an assignee or receiver, and such assignee or receiver, in the distribution

Eversole v. Chase, Assignee.

and payment of the debts, shall be required to first pay in full all debts due for manual or mechanical labor before paying any other, except the legitimate costs and expenses."

The appellant's claim is for both manual and mechanical labor, and is against an estate in the hands of an assignee, so that if the statute be in force the appellant's claim is all a preferred claim.

We are not favored with a brief on behalf of the appellee, and hence are not advised as to the theory entertained by him upon which the rulings should be upheld.

It is suggested by counsel for the appellant that the rulings were based upon the theory that the statute referred to is not in force, but is repealed by the act approved March 17th, 1885 (Elliott's Supp., section 1605), for the reason that the last named act is in conflict and repugnant to the former act.

We do not think this theory can be maintained.

The act approved March 17th, 1885, amends section 1 of an act approved March 29th, 1879, being section 5206, R. S. 1881, and the only change made by the amendment is by adding after the word " mechanical " the words " agricultural or other business or employment."

If the act approved March 17th, 1885, be antagonistic to the act approved March 3d, 1885, and could be said to repeal it, then the same would be true of the last named act, and the act approved March 29th, 1879. So that applying the rule by which it is contended that the act approved March 3d, 1885, is repealed, the act of March 29th, 1879, would be repealed by the act of March 3d, 1885, and it could not be amended, for certainly there is the same antagonism existing between the act of March 29th, 1879, and the act of March 3d, 1885, as there is between the last named act and the act of March 17th, 1885. It is certain, therefore, that by this rule of construction the act approved March 3d, 1885, is in force, and it is unnecessary to determine in this action whether the act approved March 17th, 1885, is in force or not, for the

act of March 3d, 1885, being in force, it governs this case, and the appellant is entitled to have his full claim declared a preferred claim.

A statute can not be sustained as an amendatory statute which purports to amend a statute which had no existence. *Draper* v. *Falley,* 33 Ind. 465 ; *Blakemore* v. *Dolan,* 50 Ind. 194 ; *Brocaw* v. *Board, etc.,* 73 Ind. 543. See, also, *Wright* v. *Board, etc.,* 82 Ind. 335.

A statute which is repealed by implication has no more existence than if repealed by direct words of a subsequent act of the Legislature, and hence an act purporting to amend an act repealed by implication has no more validity than if it purported to amend an act which had theretofore been repealed by a direct repealing clause in a statute.

The court erred in its conclusions of law.

Judgment reversed, at costs of appellee, with instructions to the circuit court to re-state its conclusions of law in accordance with this opinion, allowing all of plaintiff's claim as a preferred claim, and for judgment accordingly.

