## No. 517.

## SOSAT v. THE STATE.

MALICIOUS TRESPASS.—*Killing of Dog.—Affidavit.—Sufficiency of.*—An affidavit for the unlawful, malicious and mischievous killing of a dog need not aver that the dog was duly listed for taxation. The dog law of 1883 (Elliott's Supp., section 448) does not repeal by implication the general malicious trespass act, so far as the same applies to the killing or injuring of dogs.

SAME.—*Dog Law of 1883 Construed.*—The dog law of 1883 does not fully cover the same subject-matter as that covered by the dog law of 1881, and they must be construed as subsisting together. So construing them it is evident that the Legislature did not intend by the act of 1883 to confer upon persons generally the right to kill or injure dogs, whether listed for taxation or not.

SAME.—*Instruction to Jury.*—In a prosecution for the unlawful, malicious and mischievous killing of a dog, it was not error to refuse to instruct the jury in effect that the defendant must be acquitted if he killed the dog because he was apprehensive that he would do damage to his property, and that the fact that the dog had been previously on the defendant's premises, in company with other dogs, made it a nuisance, and gave the defendant the right to kill it, whether it was then actually doing damage to his property or not.

STATUTES.—*Same Subject-Matter.—How Construed.—Repeal of by Implication not Favored.*—The repeal of statutes by implication is not favored, and where two or more statutes upon the same subject may well stand together, it is the duty of the courts to construe them *in pari materia.*

From the Allen Circuit Court.

*H. Colerick* and *W. S. Oppenheim*, for appellant.

*J. M. Robinson*, Prosecuting Attorney, for the State.

REINHARD, J.—The appellant was tried and convicted for unlawfully, maliciously and mischievously killing a dog, the property of the prosecuting witness. It was not averred that the dog was duly listed for taxation. The appellant insists that the absence of this averment vitiates the charge.

The law of malicious trespass contained in the revision of 1881, is as follows:

" Whoever maliciously or mischievously injures or causes to be injured any property of another, or any public prop-

erty, is guilty of a malicious trespass, and, upon conviction thereof, shall be fined not more than two-fold the value of the damage done, to which may be added imprisonment in the county jail for not more than twelve months." Section 1955, R. S. 1881.

By the dog law' of 1883 (Act of March 7th, 1883), it is provided, in section 5, as follows :

"Any person who shall mischievously or maliciously injure or kill any dog that has been duly listed for taxation, or any person who shall steal, take and carry away any dog that has been duly listed for taxation, according to law, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding $200, to which may be added imprisonment in the county jail for any term not exceeding thirty days : *Provided,* That in all cases such dogs are injured or killed while engaged in committing damages to the property of any other person than the owner of such dogs, or is known to be a dog that will kill or maim sheep, the above provisions shall not apply." Elliott's Supp. section 448.

The appellant's contention is that the statute of malicious trespass no longer applies to the killing or injuring of dogs, having been repealed by implication by the dog law of 1883, and as the charge in this case contains no averment that the dog was duly listed for taxation it must have been predicated upon the general law of malicious trespass, and is, therefore, fatally defective.

Counsel for the State admit that the prosecution was based upon the general malicious trespass act, but contend that the same is not repealed by the later act, and that to kill or injure a dog maliciously or mischievously may be an offence in some instances under either law.

As a general rule, the repeal of statutes by implication is not favored, and it is uniformly held that where two or more statutes upon the same subject may well stand together, it is the duty of the courts to construe them *in pari materia.* *City*

of *Madison* v. *Smith*, 83 Ind. 502 ; *Wright* v. *Board, etc.*, 82 Ind. 335 ; *Robinson* v. *Rippey*, 111 Ind. 112 ; *State* v. *Wells*, 112 Ind. 237 ; *Wagoner* v. *State*, 90 Ind. 504 ; Bishop Written Laws, section 154, and notes.

The appellant's counsel contend that if both acts are construed as in force, the result would be that the extreme penalty for killing or injuring a dog not listed for taxation, will be greater than the extreme penalty that may be inflicted for killing or injuring a dog that has been duly listed,—a result that could not have been intended by the Legislature.

On the other hand, it may be said that if the malicious trespass statute does no longer apply to the killing and injuring of dogs, then any person would have the right to go upon the premises of his neighbor, or other person, and, with malice and mischief in his mind, deal out death and destruction to all dogs that may not be listed for taxation, whether the omission to list be lawful or unlawful, and there would be no law to punish such offenders. Such could not have been the intention of the law makers.

An examination of the law of 1883 will show that it does not require that dogs under the age of six months shall be listed for taxation at all ; and if that class of animals is not protected by the provisions of the malicious trespass act they would have no protection whatever, and would be at the mercy of any one.

It is true that it has been the policy of the Legislature to discourage by law the production of dogs, in order to encourage the breeding and raising of sheep ; and hence sheep-killing dogs have for many years been made the subjects of outlawry. But we do not think the law-makers have ever gone so far as to make lawful the killing of untaxed dogs, unless they were known to be sheep-killers, or were found running at large without the regulation collar and tag. *Lowell* v. *Gathright*, 97 Ind. 313 ; *Dinwiddie* v. *State*, 103 Ind. 101.

By the dog law of 1881, it was expressly provided that it should be lawful for any person to kill a dog found running at large without a tag or collar. Section 2649, R. S. 1881. The act of 1883 does not contain this provision. Both acts make it unlawful to kill or injure, maliciously or injuriously, any dog registered or listed for taxation and (under the act of 1881) wearing the collar and tag. If the act of 1883 makes it lawful to kill or injure an unlisted dog it must be so by implication, upon the principle that what is not included in the definition of the offence is necessarily excluded from it, and that, as the killing and injuring of dogs not listed for taxation is not included in the section creating the offence, it is by implication excluded therefrom, and hence this act, standing by itself, would not make it penal to kill any but a listed dog.

It was held in *Kinsman* v. *State*, 77 Ind. 132, that a prosecution for killing a dog would lie under the general malicious trespass statute, the owner of the dog having such a property in the animal as entitles him to the benefits of the provisions of that act. That case was decided, however, at the November term, 1881, of the Supreme Court, and the killing was charged to have been committed on the 12th day of April, 1881, and consequently before either the dog law of 1883, or even that of 1881, had been enacted. The decision could not, therefore, be treated as an authority in this case. It was decided, however, in a later case, that the dog act of 1881 conferred no authority upon any person other than an officer to kill a dog without a collar and tag, unless such dog was running at large, and that such killing might be regarded as a malicious trespass. *Lowell* v. *Gathright, supra.*

As the act of 1883 has restricted rather than enlarged the right of persons generally to kill or injure dogs, and as the affirmative right to kill dogs not taxed was expressly eliminated from the act of 1881 by that of 1883, we think it follows conclusively that the Legislature did not intend to con-

fer upon persons generally the right to kill or injure animals of this class, whether listed for taxation or not. These things evince a disposition by the law makers to retain rather than to abrogate the provisions of previous enactments for the protection of such dogs as are not embraced in the class covered by the act of 1883.

The most that could be said in support of the contention of the appellant would be that the latter law repeals the former in so far as the two are in irreconcilable conflict, and to that extent only.

The mere fact that there is a similarity in the provisions of the two statutes, and that an inconvenience may result if they are both allowed to stand, or even that there is an irreconcilable repugnancy between them, will not authorize the courts to imply an intended repeal if a contrary intention is apparent; such as the construction of two systems, for example. *Robinson* v. *Rippey, supra.*

There are many statutes in this State apparently upon the same subject, or having a similar object in view in regard to the punishment of offences, which have been construed as subsisting together.

The case of *Coghill* v. *State,* 37 Ind. 111, is somewhat instructive upon this question. In that case there was a prosecution under a statute making it a felony punishable by imprisonment in the State's prison for wilfully and maliciously placing any obstruction upon any railroad track.

A later law provided that " Every person who shall, in any manner, obstruct any railroad * * shall be fined not exceeding five hundred dollars, or imprisoned not exceeding three months."

The contention in that case was that the later section repealed the former by implication. BUSKIRK, J., in the course of the opinion, quotes with approval from Sedgwick on Statutory and Constitutional Law, at page 127, as follows : " So in this country, on the same principle, it has been said that laws are presumed to be passed with deliberation, and

with a full knowledge of all existing ones on the same subject; and it is, therefore, but reasonable to conclude that the Legislature, in passing a statute, did not intend to interfere with or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable; and hence a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior law, if the two acts may well subsist together."

After reviewing other authorities to the same effect, the opinion proceeds:

" The principles enunciated in the above authorities meet with our entire approval. To constitute a repeal by implication, the new statute must cover the whole subject-matter of the old one, and prescribe different penalties."

After comparing the two enactments, and pointing out wherein they are dissimilar, the court concludes:

" We are clearly of the opinion that the last act does not cover the entire subject-matter of the former act, and that there is no irreconcilable repugnancy between the two acts. They can stand together. Both can be executed. There is nothing in this case to induce us to relax the strict rules of construction."

There is no pretence that in the case before us the same subject-matter is fully covered by both the former and the later law. Beside the classes of dogs already referred to as not being included within the purview of the last act, but covered entirely by the prior statute, others may be enumerated, viz. :

Dogs that were under the age of six months when the assessor made his call upon the citizen to list his property for taxation, but have reached the proper age since then, and before another listing ; dogs of any age, owned by persons who became residents after the time of listing ; dogs of non-residents, passing through, or coming into the State, and all other dogs that were not listed by the fault of the assessor, or persons other than the owner.

Thus it appears plainly, we think, that the subject-matter is not as fully covered by the late act as by the former ; and if the provisions of both laws can not stand together, the classes of animals above enumerated would be practically without protection, and at the mercy of any having malicious designs against them, or their owners.

We have carefully considered the question presented by the motion, and do not think it has any substantial merit. The motion to quash was properly overruled.

The next error complained of is the overruling of appellant's motion for a new trial.

The appellant, at the proper time, asked the court to instruct the jury as follows:

"If you find from the evidence that the defendant shot and killed the dog named in the indictment, and you further find that at the time of such shooting said dog was either alone or with other wandering dogs, alike trespassers, and that the defendant had before then often been annoyed by dogs trespassing upon his premises and garden and destroying and damaging said garden, and that defendant had driven them away but they had as often returned, and defendant saw a number of dogs enter upon his premises and go upon and into his garden, and that he believed and had reason to believe that they would his said garden damage, by scratching the same up or by destroying the product thereof, then and in that case defendant would not be bound to wait to notify their owners, but might use such means as he thought fit to protect his property or rid himself of such nuisance, and if in so doing he killed such dog, he would be justified and must be acquitted."

By the law of 1852 (section 2646, R. S. 1881), it was provided that if the owner of a dog in the habit of running away from home and wandering about without the presence of its owner, shall neglect or refuse to confine such dog after due notice, it should be lawful to kill such dog wherever

found running about off the premises and away from the presence of its owner.

In *Dinwiddie* v. *State, supra,* it was decided that this provision of the law of 1852 was repealed by the law of 1881. Even if all the benefits of the act of 1883, contained in the proviso of that act, could be held to apply to the case at bar, we do not see how it would help the appellant. Such proviso only exempts from the operation of section 5 the killing or injuring of dogs engaged in committing damage to the property of persons other than the owners of such dogs, and the killing or injuring of sheep-killing dogs, and the case at bar does not come within either of these exemptions. Besides, the instruction assumed that the mere fact that the dog had been there previously as a trespasser, in company with other dogs, made it a " nuisance " and gave the appellant the right to kill it whether it was then actually doing damage to property or not. The instruction does not proceed upon the theory that the dog was in the act of damaging the property of the appellant. It was correctly refused.

Other instructions requested and refused, in so far as they contain a correct statement of the law as applicable to the case, had been fully covered by the instructions given by the court, and no error was committed in refusing them. The general theory of these instructions has been refuted by what has been said in reference to the motion to quash.

The appellant insists, also, that the evidence is insufficient to sustain the verdict. We have examined the evidence and find that it tends to make out a case under the statute as charged.

We find no error for which the judgment ought to be reversed.

Judgment affirmed.

Filed Oct. 28, 1891.