## Coombs v. Jefferson Township.

[No. 4,395.    Filed May 15, 1903.]

TOWNSHIP TRUSTEE.—*Issue of Warrants for Money Borrowed.—Statutes.
—Repeal.*—Sections 8081, 8082 Burns 1901, providing that a township trustee shall procure an order from the board of county commissioners therefor before incurring a debt in excess of the particular fund on hand and to be derived from the tax assessed for the year in which the debt is to be incurred, was not repealed by the act of 1897 (Acts 1897, p. 222), and township warrants issued by a township trustee for money borrowed, without complying with the provisions of said statute, can not be enforced against the township.

From Boone Circuit Court; *B. S. Higgins*, Judge.

Action by Margaret Coombs against Jefferson Township, Boone county. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. M. Zion*, for appellant.
*T. J. Terhune* and *Reed Holloman*, for appellee.

ROBINSON, J.—Suit by appellant upon two township warrants issued for money borrowed. The act of August 24, 1875 (Acts 1875, p. 162, §§8081, 8082 Burns 1901), provides, that whenever it becomes necessary for a township trustee to incur a debt on behalf of his township in excess of the particular fund on hand and to be derived from the tax assessed for the year in which the debt is to be incurred, he shall procure an order from the board of county commissioners authorizing him to contract such indebtedness; such order to be made by the board upon petition and notice by the trustee stating the object of the debt and the approximate amount required. An act approved March 8, 1897 (Acts 1897, p. 222), entitled "An act prescribing certain duties of township trustees, providing for the appointment and compensation of an auditing board, prescribing its duties and declaring an emergency," made

the board of county commissioners an auditing board to audit the warrants drawn by township trustees, and provided that "It shall be the duty of said board to investigate and learn for what purpose said warrant is drawn, whether or not it is a proper and reasonable charge against any of the funds of said township, whether or not the article for which any such warrant is drawn is a proper and legitimate purchase of said township, or whether or not said township had use therefor, and whether or not the amount named in any warrant is a reasonable compensation for the article furnished or labor or service performed, or whether or not there was any occasion for the purchase of or contracting for said article, or the procurement of said labor and services, and said board shall audit said amounts and determine what warrants shall be issued by said several trustees and for what amounts and shall write or stamp on the face of each warrant that it audited and approved the amount for which allowed, and which shall be signed by the president and secretary of said board." The act also provides that any taxpayer may except to the auditing of any warrant, in whole or in part, the registering of all warrants by the board, a report of rejected and protested warrants to the circuit court, and a hearing thereon, a penalty for the unlawful delivery of warrants, and repeals "all laws and parts of laws in conflict with the provisions of this act." The act of March 8, 1897, supra, was expressly repealed by an act approved February 27, 1899 (Acts 1899, p. 150), but the act was in force when the warrants in question in this suit were issued.

Whether the trial court erred, as claimed by appellant, depends upon whether the act of 1875 was repealed by the act of 1897. If it was repealed, the judgment must be reversed; otherwise affirmed. In contracting the loan, no attempt was made to comply with the act of 1875. The act of 1897 is not an amendatory act. It does not purport to amend or to continue in force any former act, but is an

independent act, introducing new and distinct provisions concerning a certain subject-matter. It did not expressly and in terms repeal the older law. If it did, there would be nothing for the court to do but accept the legislative declaration, and treat the old law as no longer in force. It did, in terms, repeal all former acts that were in conflict with its provisions, but whether there is a conflict is a question that the courts must determine. It can not be said that this general repealing clause expressed the intention of the legislature to repeal all former statutes relating to the same subject-matter. It repeals nothing except what is. in conflict with the provisions of the later act. If the subject-matter of the two acts is the same, and there is a conflict, the later act controls, because of the doctrine that the last expressed will of the legislature on any given subject must prevail. So that the repealing effect of the act of 1897 is none the greater by reason of this general repealing clause, for the reason that, with or without such a repealing clause, the courts must determine whether there is a conflict, and, if there is, to what extent the older law is superseded by the later act. It is the duty of the court to determine any conflict between an older and a later statute on the same subject-matter in favor of the later act, whether the legislature has said that the later act shall control or not. And the general repealing clause in the act of 1897 says nothing more than that its provisions shall control over any former act that conflicts with it.

The repeal of statutes by implication is not favored, and it is only when there is a full and plain conflict that the earlier statute will be held to be repealed. Where there are two statutes on the same subject, both will be upheld, and construed *in pari materia,* if it can be reasonably done. *City of Madison* v. *Smith,* 83 Ind. 502; *Wright* v. *Board, etc.,* 82 Ind. 335; *Pomeroy* v. *Beach,* 149 Ind. 511; Black, Inter. of Laws, 112; *Sosat* v. *State,* 2 Ind. App. 586.

The provisions of the act of 1875 are not necessarily in conflict with the provisions of the act of 1897, nor can it be said that the later act covers the same subject-matter as the older law. The act of 1897 was manifestly intended to apply to warrants issued for articles purchased and labor or service performed for the township. Nothing is said in the act about warrants issued for money borrowed. It is true, the act of 1875 does not relate exclusively to borrowing money, but it does include that subject-matter. That act very wisely provides that before a trustee can contract an indebtedness on behalf of his township in excess of the particular fund on hand and to be derived from the tax assessed for the year in which the debt is to be incurred, he shall procure an order from the board, upon petition stating the object for which the debt is to be incurred and the approximate amount required, and shall give notice of the pendency of this petition. This provision for notice to the taxpayers of the township that a matter which concerns them will come up for hearing at a certain time is not contained in the act of 1897. It is true, a taxpayer, if he chanced to learn of the fact, might appear before the auditing board, under the act of 1897, and except to the auditing of any warrant creating a debt against his township in excess of the funds on hand and to be derived from the tax assessed for the particular year, but no provision is made for any notice that any such warrant will be presented for auditing. The debt contracted under the act of 1875 is to be paid from funds to be derived from a tax not yet levied, and the safeguards thrown about the contraction of such a debt are not contained in the later act. The act of the trustee in issuing a warrant under the provisions of the older law would in no sense interfere with any duty required of the auditing board under the provisions of the later law. The only duty of the auditing board in reference to a warrant so issued would be to approve it and cause it to be properly registered. The act of 1897

includes any warrant issued by the trustee, without reference to the condition of the fund against which the warrant is drawn; but, as its provisions are not inconsistent with the older law, they may both consistently stand together and should be construed *in pari materia.*

Judgment affirmed.